STATE OF NORTH CAROLINA, PLAINTIFF v. RALPH DELANE CUNNINGHAM, JR., DEFENDANT

No. COA07-520

(Filed 19 February 2008)

**Appeal and Error— plain error review—matters within court's discretion**

    The issue of whether to exclude evidence under Rule of Evidence 403 on the ground that its probative value is substantially outweighed by unfair prejudice involved a discretionary determination by the trial court that was not subject to plain error review. N.C.G.S. § 8C-1, Rule 403.

Appeal by defendant from judgments entered on or about 20 October 2004 by Judge Richard L. Doughton from Superior Court, Cleveland County. Heard in the Court of Appeals 1 November 2007.

*Attorney General Roy A. Cooper, III by Special Deputy Attorney General Robert C. Montgomery for the State.*

*J. Clark Fischer for defendant-appellant.*

STROUD, Judge.

Defendant was convicted by a jury of two counts of robbery with a dangerous weapon, conspiracy to commit robbery with a dangerous weapon, and possession of a firearm by a felon. Defendant appeals. The dispositive question before this Court is whether the trial court erred in not allowing defendant to stipulate to the existence of a prior unspecified felony conviction. For the following reasons, we find no error.

## I. Background

The State's evidence tended to show the following: On 31 December 2003, William Keith Falls ("Keith") and his brother Paul Kirk Falls, Jr. ("Kirk") were working at Linwood Produce on 805 Cleveland Avenue in Kings Mountain. At approximately 8:30 p.m. defendant and another man entered the store. Keith and Kirk recognized one of the men, Larry Bernard Smith, Jr. ("Smith") because he had been coming to the store for years. Keith also recognized defendant because he had been outside the store earlier in the week. Smith and defendant got a beer, paid for it, and then remained at the store.

After about ten minutes, defendant pulled out a gun, waved it around and said, "We're not kidding boys". Smith was telling defendant to shoot Keith and Kirk saying, "We needing money". Keith told defendant and Smith "to get the money out of the register. Smith took approximately one hundred dollars from the register. Smith and defendant forced Keith and Kirk to the back of the store and took their billfolds, then Smith and defendant ran out of the store.

On 5 January 2004, Detective Doug Shockley of the Criminal Investigative Division of the Kings Mountain Police Department showed Keith and Kirk two photographic lineups. Both Keith and Kirk identified Smith and defendant as the assailants. On 5 January 2004, a warrant was issued for defendant's arrest. On or about 15 March 2004, defendant was indicted for two counts of robbery with a dangerous weapon, conspiracy to commit robbery with a dangerous weapon, and possession of a firearm by a felon. Trial was held on 19 October 2004.

Before trial began, after much discussion as to stipulations, the trial judge specifically asked defendant, "Well, the question is, do you want to stipulate to anything?". Defendant's attorney responded, "No, sir." Later during the trial, outside of the presence of the jury, defendant's attorney requested that a stipulation be read to the jury

that defendant had a prior conviction for a felony, but that the stipulation not specify that the felony was for common law robbery. After some further discussion as to the stipulation the following dialogue took place:

THE COURT: The only question here is, is whether or not you want to stipulate to the prior conviction and you can or cannot. Any way you want to do it.

MR. GRIFFIN: Yes, sir, we are going to stipulate to the prior conviction.

THE COURT: All right, I want your client to stand up and make sure he's been fully advised about that and that he's in agreement to do that.

(The defendant stood.)

THE COURT: Mr. Cunningham, your attorney says that you wish to stipulate to that prior conviction in Cleveland County of common law robbery on 11-16-1995, is that correct?

THE DEFENDANT: Can I see him for a second?

(The defendant and Mr. Griffin appeared to speak off the record.)

THE DEFENDANT: Yeah. Yes, sir.

MR. GRIFFIN: He understands.

THE COURT: Do you agree to that, sir?

THE DEFENDANT: Yes, sir.

THE COURT: You heard the stipulation. You're in full agreement to stipulate to that, is that correct?

THE DEFENDANT: Yes, sir.

THE COURT: And you've consulted with your attorney and you're satisfied with his—

THE DEFENDANT: Yes, sir.

THE COURT: —advice in that regard, is that correct?

(The defendant appeared to nod his head affirmatively.)

THE COURT: Is that correct?

THE DEFENDANT: Yes, sir.

Later in the proceedings the prosecutor read into evidence,

The stipulation would be that on November 16th, 1995, in Cleveland County, in case number 95 CRS 5144, the defendant, Ralph Cunningham, was convicted of a felony, common law robbery.

THE COURT: All right, and you fully stipulate and agree with that, is that correct, sir?

MR. GRIFFIN: Yes, Your Honor, we do.

The jury convicted defendant on all four counts. Defendant appeals.

## II. Stipulation of Prior Conviction

Defendant claims the trial court committed plain error "by refusing to allow defendant to stipulate to the existence of a prior conviction for purposes of the possession of firearm by felon charge, with the result that the jury improperly heard that defendant had a prior robbery conviction." Specifically, defendant argues that the introduction of the prior robbery conviction was irrelevant, and in the alternative, that even if this Court finds the prior robbery conviction to be relevant the evidence still should not have been admitted pursuant to N.C. Gen. Stat. § 8C-1, Rule 403 because the prejudicial effect of the evidence substantially outweighed its probative value.

Plain error is an error that is "so fundamental as to result in a miscarriage of justice or denial of a fair trial." *State v. Bishop*, 346 N.C. 365, 385, 488 S.E.2d 769, 779 (1997); *see generally* N.C.R. App. P. 9(4) ("In criminal cases, a question which was not preserved by objection noted at trial and which is not deemed preserved by rule or law without any such action, nevertheless may be made the basis of an assignment of error where the judicial action questioned is specifically and distinctly contended to amount to plain error."). A defendant must demonstrate " 'not only that there was error, but that absent the error, the jury probably would have reached a different result.' " *State v. Roseboro*, 351 N.C. 536, 553, 528 S.E.2d 1, 12 (2000), *cert. denied*, 531 U.S. 1019, 148 L. Ed. 2d 498 (2000) (*quoting State v. Jordan*, 333 N.C. 431, 440, 426 S.E.2d 692, 697 (1993)). Accordingly, defendant must show that absent the erroneous admission of the challenged evidence, the jury probably would not have reached its verdict of guilty. *See id.*

Among defendant's four indictments in this case was a charge for possession of a firearm by a felon pursuant to N.C. Gen. Stat. § 14-415.1. N.C. Gen. Stat. § 14-415.1(b) states that

> [w]hen a person is charged under this section, records of prior convictions of any offense, whether in the courts of this State, or in the courts of any other state or of the United States, shall be admissible in evidence for the purpose of proving a violation of this section.

N.C. Gen. Stat. § 14-415.1(b) (2003). "[T]he State need only prove two elements to establish the crime of possession of a firearm by a felon: (1) defendant was previously convicted of a felony; and (2) thereafter possessed a firearm." *State v. Wood*, 185 N.C. App. 227, 235, 647 S.E.2d 679, 686 (2007). Though defendant is correct that conviction for possession of a firearm by a felon "does not require proof of any specific felony" it does require proof of a felony. *See id.* Therefore, the introduction of defendant's past conviction for common law robbery, a felony, is relevant. *State v. Mann*, 317 N.C. 164, 169, 345 S.E.2d 365, 368 (1986) ("[C]ommon law robbery is a felony[.]"); *see Wood* at 235, 647 S.E.2d at 686; *State v. Nelson*, 298 N.C. 573, 594, 260 S.E.2d 629, 645 (1979) ("The 'test' of relevance is whether an item of evidence tends to shed any light on the inquiry or has as its only effect the exciting of prejudice or sympathy.").

However, even relevant evidence may be excluded if the probative value of the evidence is substantially outweighed by unfair prejudice. N.C. Gen. Stat. § 8C-1, Rule 403.

> Rule 403 calls for a balancing of the proffered evidence's probative value against its prejudicial effect. Necessarily, evidence which is probative in the State's case will have a prejudicial effect on the defendant; the question, then, is one of degree. The relevant evidence is properly admissible under Rule 402 unless the judge determines that it must be excluded, for instance, because of the risk of unfair prejudice. *See* N.C.G.S. § 8C-1, Rule 403 (Commentary) (Unfair prejudice' within its context means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, as an emotional one.)

*State v. Mercer*, 317 N.C. 87, 93-94, 343 S.E.2d 885, 889 (1986) (internal quotations omitted). "Whether or not to exclude evidence under Rule 403 of the Rules of Evidence is a matter within the sound discretion of the trial court and its decision will not be disturbed on

appeal absent a showing of an abuse of discretion." *State v. McCray*, 342 N.C. 123, 131, 463 S.E.2d 176, 181 (1995). The North Carolina Supreme Court has specifically refused to apply the plain error standard of review "to issues which fall within the realm of the trial court's discretion[.]" *State v. Steen*, 352 N.C. 227, 256, 536 S.E.2d 1, 18 (2000).

As defendant has already conceded, without any objection to the evidence this Court is limited to plain error review. *See* N.C.R. App. P. 9(c)(4); *see also State v. Moody*, 345 N.C. 563, 574, 481 S.E.2d at 629, 634 ("Absent an objection or motion at trial, our review of this argument on appeal is limited to that for plain error[.]"), *cert. denied*, 522 U.S. 871, 139 L. Ed. 2d 125 (1997). The balancing test of Rule 403 is reviewed by this court for abuse of discretion, and we do not apply plain error "to issues which fall within the realm of the trial court's discretion." *Steen* at 256, 536 S.E.2d at 18; *McCray* at 131, 463 S.E.2d at 181. Accordingly, this assignment of error is overruled.

### III. Conclusion

For the foregoing reasons, we find no error.

NO ERROR.

Judges TYSON and JACKSON concur.