STATE OF NORTH CAROLINA v. SAMUEL JAMES COOPER

No. COA11-809

(Filed 6 March 2012)

**1. Confessions and Incriminating Statements—defendant's statement—not coerced**

Defendant's confession to five murders was not coerced where he contended that police threatened to imprison his father unless he confessed, but the trial court's findings sufficiently supported the conclusion that defendant's confession was not coerced. The findings included that defendant was not told that his father would benefit from defendant's statements and that defendant specifically acknowledged that no promises or threats were made.

**2. Constitutional Law—right to remain silent—invocation**

There was ample evidence in the record to support the trial court's finding that defendant did not invoke his right to remain silent when he refused to talk to police about the murders other than to deny his involvement. Defendant's continued assertions of innocence cannot be considered unambiguous invocations of his right to remain silent.

**3. Constitutional Law—right to counsel—invocation**

Defendant's right to counsel was not violated where defendant invoked his rights, the police arrested his father, defendant re-initiated a conversation with police, and detectives took his statements. Although defendant contended that the police engaged in conduct that was the functional equivalent of re-initiating interrogation by "parading" his father in front of him, the trial court found that defendant was never promised that his father would benefit from any statement that he made and that finding had adequate support in the record.

**4. Homicide—first-degree murder—requested instruction on deliberation denied—felony murder conviction**

There was error in a first-degree murder prosecution in not giving defendant's requested instruction on deliberation where defendant was convicted on the basis of premeditation and deliberation and felony murder.

Appeal by Defendant from judgments entered 16 April and 20 April 2010 by Judge Henry W. Hight, Jr. in Wake County Superior Court. Heard in the Court of Appeals 15 December 2011.

*Attorney General Roy Cooper, by Special Deputy Attorney General Steven M. Arbogast, for the State.*

*Mark Montgomery for Defendant.*

BEASLEY, Judge.

Samuel James Cooper (Defendant) appeals from judgments based on his convictions for robbery with a dangerous weapon and five counts of first degree murder. For the following reasons, we find no error.

On 21 November 2007, Defendant robbed the Garner Plaza branch of Bank of America while possessing and threatening the use of a firearm. After Defendant was apprehended, his weapon was seized; the State Bureau of Investigation later linked that weapon to five unsolved murders. Defendant initially denied involvement in the murders, but eventually confessed that he had committed all five. Between 10 December and 11 December 2007, Defendant was indicted for robbery with a dangerous weapon and five counts of first degree murder.

By motion dated 22 October 2009, Defendant moved to suppress "all statements made by the defendant which were obtained by the police in violation of defendant's statutory and constitutional rights." This motion was denied on 17 December 2009 by the Honorable Henry W. Hight, Jr. Defendant was found guilty of all charges by a Wake County jury on 6 April 2010. By judgments dated 16 April and 20 April 2010, Defendant was sentenced to 117 to 150 months imprisonment for the charge of robbery with a dangerous weapon and to life imprisonment without parole for all five counts of first degree murder. Defendant gave notice of appeal in open court.

I.

Defendant argues that the trial court erred in denying his motion to suppress his statements confessing to the murders because they were obtained in violation of his Fifth Amendment rights, and were the result of threats by the police. We disagree.

[1] First, we address Defendant's argument that his confession was not voluntary because it was obtained through threats by police. It is

well-established that "findings of fact made by a trial judge following a *voir dire* on the voluntariness of a confession are conclusive . . . if they are supported by competent evidence. Conclusions of law that are correct in light of the findings of fact are also binding on appeal." *State v. Gainey*, 355 N.C. 73, 84, 558 S.E.2d 463, 471 (2002) (citations omitted). When determining whether a confession is voluntary, we look at the totality of the circumstances. *State v. Corley*, 310 N.C. 40, 47, 311 S.E.2d 540, 545 (1984). "The proper determination is whether the confession at issue was the product of improperly induced hope or fear. [Our Supreme] Court has held that an improper inducement must promise relief from the criminal charge to which the confession relates, and not merely provide the defendant with a collateral advantage." *Gainey*, 355 N.C. at 84, 558 S.E.2d at 471 (citations and internal quotation marks omitted).

Defendant argues that his statements were coerced, because police threatened to imprison his father unless he confessed. The trial court concluded that "[n]o promises, offers of reward, or inducements for Defendant to make a statement were made." The trial court further stated that "[n]o threat or suggested violence or show of violence to persuade defendant to make a statement were made. The arrest of the Defendant's father was not wrongful pressure applied by law enforcement."

In support of these conclusions, the trial court found that "at no point was the Defendant ever promised or told that his father would benefit by any statement from the Defendant." The testimony of Detective Passley that he never told Defendant's mother that if Defendant confessed, his father would be released supports this finding, as does the testimony of Defendant's sister that nobody told her that if Defendant confessed, her father would be released. Additionally, the trial court found that "Defendant specifically acknowledged that 'I understand and know what I am doing. No promises or threats have been made and no pressure or coercion of any kind has been used against me by any officer.' " These findings of fact are more than sufficient to support the trial court's conclusion that Defendant's confession was not coerced. Accordingly, this argument is overruled.

[2] We next address Defendant's contention that his Fifth Amendment right to remain silent was violated. The law is clear that "[a]lthough custodial interrogation must cease when a suspect unequivocally invokes his right to silence, an ambiguous invocation

does not require police to cease interrogation immediately." *State v. Forte*, 360 N.C. 427, 438, 629 S.E.2d 137, 145 (2006) (citation omitted).

The trial court found that "Defendant did not invoke his right to counsel or his right to remain silent." Defendant argues that he refused to talk to police about the murders, other than to deny his involvement; thus he invoked his right to remain silent. Defendant's continued assertions of his innocence cannot be considered unambiguous invocations of his right to remain silent. *See Berghuis v. Thompkins*, ___ U.S. ___, ___, 176 L. Ed. 2d 1078, 1110-11 (2010) (extending the rule that a suspect invoking the right to counsel must do so "unambiguously" to invocation of the right to remain silent). We find ample evidence in the record to support the trial court's finding that Defendant did not invoke his right to remain silent.

**[3]** Finally, we consider whether Defendant's confession was improperly obtained after he invoked his right to counsel. Much like the right to remain silent, the invocation of the right to counsel must be unambiguous. *State v. Hyatt*, 355 N.C. 642, 655, 566 S.E.2d 61, 70 (2002). The trial court concluded that "defendant fully understood . . . his constitutional right to counsel[,]" and that he "freely, knowingly, intelligently, and voluntarily waived each of those rights and thereupon made the statement. . . ."

It is uncontroverted that after the arrest of his father, Defendant reached out to police for the purpose of resuming interrogation. However, Defendant contends that by arresting his father and "parading" him in front of Defendant, the police first engaged in conduct that was the functional equivalent of re-initiating interrogation after Defendant invoked his right to counsel. Although it appears that Defendant did invoke his right to counsel prior to making the statements at issue, because Defendant was the one who re-initiated the conversation with police, his right to counsel was not violated when detectives took his later statements. *See State v. Golphin*, 352 N.C. 364, 406, 533 S.E.2d 168, 199 (2000).

The trial court found that Defendant was never promised that his father would benefit from any statement he made. This finding has adequate record support. Consequently, we decline to hold that the lawful arrest of Defendant's father constituted the re-initiation of the interrogation of Defendant. Defendant initiated further conversation with police after invoking his right to counsel, and then waived his rights and confessed to the five murders. This statement was given willingly and knowingly, and as such Defendant's motion to suppress was properly denied.

## II.

**[4]** Defendant also argues that the trial court erred in its instruction of the jury as to the meaning of "deliberation." Defendant asked for a special instruction on the meaning of "deliberation" at trial, requesting to have the jury instructed that deliberation means not only that Defendant acted "in a cool state of mind," as the pattern jury instruction states, but also that Defendant "weighed the consequences of his actions." The trial court declined to modify the pattern jury instruction. Our Supreme Court has instructed that "the trial court's omission of elements of a crime in its recitation of jury instructions is reviewed under the harmless error test." *State v. Bunch*, 363 N.C. 841, 845, 689 S.E.2d 866, 869 (2010). Even assuming, *arguendo*, that Defendant's contention that the trial court's refusal to alter the jury instruction on deliberation amounted to an omission of an element of the charged crimes, we find that the error was harmless.

A trial court's error " 'is harmless beyond a reasonable doubt if it did not contribute to the defendant's conviction.' " *Id.* (quoting *State v. Nelson*, 341 N.C. 695, 701, 462 S.E.2d 225, 228 (1995)). For each count of first degree murder Defendant was found guilty on the basis of malice, premeditation and deliberation and on the basis of the first degree felony murder rule. Thus, even if the trial court's jury instruction was in error and that error did change the jury's verdict as to the finding of deliberation, the error would still be harmless beyond a reasonable doubt because the jury's verdict was based on two separate, independent grounds.

No Error.

Judges ERVIN and THIGPEN, JR. concur.