COLLINS, Judge.
Defendant Charles Clay Sanders, Jr., appeals a criminal restitution order docketed as civil judgments in favor of two victims after he pled guilty to breaking-and-entering (B&E), larceny after B&E, and financial card theft. Defendant's sole contention on appeal is that the trial court lacked statutory authority to docket as civil judgments the restitution ordered for his larceny after B&E and financial card theft convictions because the offenses fell outside the purview of the Crime Victims' Rights Act (VRA), N.C. Gen. Stat. § 15A-830(a)(7). Because the trial court had the statutory authority under N.C. Gen. Stat. § 15-8 to order the restitution in this case be docketed as civil judgments, Defendant's argument is meritless. We deny Defendant's petition for writ of certiorari , asking this Court to address the merits of this appeal where his right to appeal was lost due to his failure to file proper notice of appeal, and dismiss his appeal.
I. Background
On 15 May 2018, Defendant entered into a plea agreement wherein he pled guilty to B&E, larceny after B&E, and financial card theft; in return, the State agreed to consolidate the charges for sentencing and to dismiss five other charges. In the plea agreement, Defendant checked a box indicating he "stipulate[d] to restitution to the party(ies) in the amounts" provided on the State's restitution worksheet. That same day, the trial court entered a consolidated judgment on the three convictions, sentencing Defendant to thirteen to twenty-five months imprisonment and ordering him to pay, inter alia , restitution of $ 59.53 to Walmart for the larceny-after-B&E conviction and $ 161.69 to Willie Wendel Patton for the financial-card-theft conviction. Each restitution award was to be entered as a civil judgment against Defendant. On 22 May 2018, Defendant filed a handwritten notice of appeal.
II. Appellate Jurisdiction
On 9 October 2018, after Defendant's appeal had been docketed, he filed a conditional petition for a writ of certiorari (PWC), in the event the issues raised in his brief are ineligible for our review on direct appeal. In his PWC, Defendant acknowledges that his timely notice of appeal failed to comply with North Carolina Appellate Procedure Rule 4's requirements that it designate the court to which appeal is taken and that he serve the State with a copy of his notice of appeal. See N.C. R. App. P. 4 (2018). He further acknowledges that he may lack the statutory right to challenge the restitution order on direct appeal because he pled guilty to the underlying charges and stipulated to the restitution.
In the State's PWC response, it contends that because the criminal restitution awards were entered as civil judgments, Defendant was required to comply with North Carolina Appellate Procedure Rule 3's requirements applicable to appeals from civil judgments in order to perfect his appeal. See N.C. R. App. P. 3 (2018). Accordingly, the State argues that Defendant's failure to properly file his notice of appeal compels the dismissal of his appeal for lack of jurisdiction. See State v. Smith , 188 N.C. App. 842, 846, 656 S.E.2d 697 (2008) ("The provisions of [N.C. R. App. P.] 3 are jurisdictional, and failure to follow the requirements thereof requires dismissal of an appeal." (quotation marks and citation omitted; alteration in original)). The State further argues we should deny the PWC because, referencing the arguments made in its brief, Defendant has failed to raise any meritorious issue on appeal.
Because the restitution awards were entered as civil judgments, Defendant's noncompliance with Appellate Procedure Rule 3 requires us to dismiss his appeal for lack of jurisdiction. Moreover, because we conclude that Defendant failed to raise a meritorious issue, we deny Defendant's PWC. See N.C. R. App. P. 21(a)(1) (2018) (authorizing this Court to issue a writ of certiorari only "in appropriate circumstances" to review lower court judgments and orders, including, but not limited to, "when the right to prosecute an appeal has been lost by failure to take timely action ...").
III. Analysis
Defendant argues that the trial court erred by ordering the restitution to Walmart and Patton be docketed as civil judgments against Defendant. He asserts that Walmart and Patton are not "victims" as defined by the VRA and thus, no statutory authority exists to order the criminal restitution order docketed as civil judgments. We disagree. While the trial court was not authorized to order restitution be docketed as civil judgments under the VRA, the trial court was authorized to order restitution be docketed as civil judgments under N.C. Gen. Stat. § 15-8.
N.C. Gen. Stat. § 15A-1340.34 governs criminal restitution generally and provides: "When sentencing a defendant convicted of a criminal offense, the court shall determine whether the defendant shall be ordered to make restitution to any victim of the offense in question." N.C. Gen. Stat. § 15A-1340.34(a) (2017). Subsection (b) of that statute mandates a trial court sentencing a defendant convicted of an offense governed by the VRA to require the defendant make restitution to the victim for any damages arising directly and proximately out of the offense committed by the defendant. N.C. Gen. Stat. § 15A-1340.34(b) (2017). VRA offenses are enumerated in N.C. Gen. Stat. § 15A-830 by defining a "victim" as a person against whom one of the enumerated offenses was committed. See N.C. Gen. Stat. § 15A-830(a)(7) (2017). When a trial court is required under N.C. Gen. Stat. § 15A-1340.34(b) to order restitution to a VRA victim in an amount in excess of $ 250.00, "the order may be enforced in the same manner as a civil judgment[.]" N.C. Gen. Stat. § 15A-1340.38(a) (2017). This order shall be docketed and indexed as a civil judgment and collected in the same manner as a civil judgment. N.C. Gen. Stat. § 15A-1340.38(b) (2017).
Subsection (c) of N.C. Gen. Stat. § 15A-1340.34 provides that a trial court sentencing a defendant for any offense other than a VRA offense may require that the defendant make restitution to the victim. N.C. Gen. Stat. § 15A-1340.34(c) (2017). N.C. Gen. Stat. § 15-8 provides:
Upon the conviction of any person for robbing or stealing any money, goods, chattels, or other estate of any description whatever, the person from whom such goods, money, chattels or other estate were robbed or stolen shall be entitled to restitution thereof; and the court may award restitution of the articles so robbed or stolen, and make all such orders and issue such writs of restitution or otherwise as may be necessary for that purpose.
N.C. Gen. Stat. § 15-8 (2017). By authorizing the court to "make all such orders and issue such writs of restitution or otherwise as may be necessary" to ensure restitution for offenses of "robbing or stealing any money, goods, chattels, or other estate of any description whatever," section 15-8 authorizes the trial court to enforce an order for restitution by civil judgment for convictions of those offenses. Id.
There is no dispute that Defendant was not convicted of an offense enumerated in the VRA. There is also no dispute that Defendant's larceny-after-B&E and financial-card-theft convictions were offenses involving "robbing or stealing any money, goods, chattels, or other estate of any description whatever[.]" Id. The trial court ordered Defendant pay restitution in the amount of $ 59.53 to Walmart as the victim of the larceny-after-B&E conviction, and of $ 161.69 to Patton as the victim of the financial-card-theft conviction. Under N.C. Gen. Stat. § 15-8, the trial court had the authority to order the restitution be docketed as civil judgments.
IV. Conclusion
Because the trial court had the statutory authority under N.C. Gen. Stat. § 15-8 to order the restitution in this case be docketed as civil judgments, Defendant's argument is meritless. Defendant has thus failed to show good cause for us to exercise our discretion pursuant to N.C. R. App. P. 21(a) to grant his PWC. Defendant's PWC is denied and Defendant's appeal is dismissed.
DISMISSED.
Report per Rule 30(e).
Judges DILLON and INMAN concur.