IN THE COURT OF APPEALS OF NORTH CAROLINA

 2021-NCCOA-219

 No. COA20-199

 Filed 18 May 2021

 Mecklenburg County, Nos. 13CRS248980, 13CRS048456

 STATE OF NORTH CAROLINA

 v.

 MICHAEL DORTCH WASHINGTON

 Appeal by Defendant from judgments entered 22 May 2019 by Judge David A.

 Phillips in Mecklenburg County Superior Court. Heard in the Court of Appeals 14

 April 2021.

 Attorney General Joshua H. Stein, by Special Deputy Attorney General Ryan F.
 Haigh, for the State-Appellee.

 Sean P. Vitrano for Defendant-Appellant.

 COLLINS, Judge.

¶1 Defendant Michael Dortch Washington appeals from the trial court’s

 judgments entered upon his convictions for first-degree murder and possession of a

 firearm by a felon. Defendant contends that the trial court erred by admitting certain

 evidence and instructing the jury on the doctrine of recent possession. We discern no

 reversable error.

 I. Background
 STATE V. WASHINGTON

 2021-NCCOA-219

 Opinion of the Court

¶2 Defendant was indicted on 16 December 2013 for the first-degree murder of

 Oren Reed and possession of a firearm by a felon. Defendant was initially tried in

 December 2016, but the case resulted in a mistrial after the jury deadlocked on both

 charges. Defendant’s second trial began on 13 May 2019 and the evidence presented

 at Defendant’s trial tended to show the following:

¶3 On 20 November 2013, Clinton Townsend received a call while he was at work

 that there had been a break-in at his home. When he arrived home, he discovered

 his side door had been kicked in and his door frame was broken. A pearl-handled .22

 caliber revolver and a container of .22 caliber bullets were missing from a nightstand

 in his bedroom.

¶4 The next day, 21 November, Mary Nash stopped by her nephew Oren Reed’s

 home to check on him. When she approached Reed’s backdoor, she noticed that the

 door frame was splintered and saw glass and bullet shells on the ground. When she

 looked into the residence, she saw Reed laying in a pool of blood by the rear doorway

 and contacted law enforcement. He was pronounced dead at 5:07 p.m.

¶5 When law enforcement arrived at Reed’s residence, they collected twenty-three

 spent shell casings from inside and outside the home, four projectiles left within

 bullet holes at the residence, and two live rounds. All casings appeared to be the

 same caliber and were marked with a “C” headstamp. Touch and blood swabs were

 collected from the interior and exterior of the broken door for DNA testing.
 STATE V. WASHINGTON

 2021-NCCOA-219

 Opinion of the Court

¶6 On the morning of 25 November, Jacqueline Randolph observed an unknown

 male individual walking up and down her driveway multiple times while looking

 around her property. She called 911 after he rang her doorbell but left when he saw

 that Randolph was home. Officer Robert Roberts responded to the call and saw an

 individual, later identified as Defendant, approximately half a mile from the

 Randolph residence who matched the description given in the 911 call.

¶7 Roberts attempted to speak with Defendant, who turned and ran before being

 apprehended by another officer. A firearm with a pearl handle, which was loaded

 with five live rounds and one spent cartridge in the cylinder, was recovered from

 Defendant. This firearm was identified by Townsend as the one stolen from his home

 on 20 November 2013. Defendant was carrying a backpack that contained jewelry, a

 hat, and 27 live rounds of ammunition bearing a “C” headstamp. Defendant was

 interviewed by Detective Matthew Hefner and a buccal swab was taken for DNA

 comparison and analysis.

¶8 Chief Medical Examiner Dr. Christopher Gulledge performed an autopsy on

 Reed. Dr. Gulledge determined that Reed was shot six times with the cause of death

 being a gunshot wound to the back. Dr. Gulledge also collected three bullets from

 Reed’s body for further examination.

¶9 Firearms examiner Gene Rivera examined the firearm recovered on Defendant

 and compared it to the 23 spent cartridges recovered from Reed’s residence. Rivera
 STATE V. WASHINGTON

 2021-NCCOA-219

 Opinion of the Court

 determined that 22 of the 23 cartridges found were fired by the firearm found on

 Defendant. Rivera reviewed three bullets and two fragments that were taken from

 Reed’s body and determined that two of the bullets shared similar class and

 individual characteristics as bullets fired from the firearm found on Defendant.

 Rivera also examined the bullet fragments recovered from the crime scene and

 determined that all but two, which were too damaged to examine, had markings

 consistent with being fired from the firearm found on Defendant.

¶ 10 Eve Rossi, DNA team leader with the Charlotte-Mecklenburg Police

 Department, compared Defendant’s DNA with DNA swabs taken from the trigger of

 the firearm and from the crime scene. Rossi determined that DNA found on the

 trigger of the firearm matched Defendant’s DNA profile, and DNA found on the

 interior handle of Reed’s side screen door and inside door was consistent with

 Defendant’s DNA profile.

¶ 11 Defendant presented evidence and testified on his own behalf as follows: He

 met Reed through a friend named Demario on 19 November 2013 and the three of

 them stayed at Reed’s house on the 20th. He purchased a firearm from Demario and

 shot it in Reed’s backyard for fun. He was awakened on the 21st by an altercation

 between Reed and Demario and saw Demario grab the firearm and shoot Reed.

 Demario and Defendant fled from Reed’s home and Demario gave the firearm back

 to Defendant. When he knocked on Randolph’s door on 25 November 2013 he planned
 STATE V. WASHINGTON

 2021-NCCOA-219

 Opinion of the Court

 on kicking in the door and seeing what small valuables he could take.

¶ 12 Defendant called Sedrick Lockhart, a neighbor who lived across the street from

 Reed, as a witness. Lockhart testified that he saw Reed sweeping glass into a

 trashcan between 6:30 and 7:00 a.m. on 21 November 2013.

¶ 13 Ultimately, the jury found Defendant guilty of both offenses. The jury found

 Defendant guilty of first-degree murder, under both the theory of malice,

 premeditation, and deliberation and felony murder, and guilty of possession of a

 firearm by a felon. The trial court sentenced Defendant to life imprisonment without

 the possibility of parole for his first-degree murder conviction and a consecutive

 sentence of 17-30 months for his possession of a firearm by a felon conviction.

 Defendant gave timely oral notice of his appeal.

 II. Analysis

¶ 14 Defendant contends that the trial court: (1) committed plain error by admitting

 evidence of the break-in at the Townsend residence; (2) erred by admitting evidence

 of Defendant’s behavior at the Randolph residence; and (3) committed plain error by

 instructing the jury on the doctrine of recent possession.

 1. Townsend Evidence

¶ 15 Defendant argues that the trial court committed plain error by admitting

 evidence of the Townsend residence break-in because this evidence was: (1) not

 relevant under Rule 401; (2) improper character evidence under Rule 404(b); and (3)
 STATE V. WASHINGTON

 2021-NCCOA-219

 Opinion of the Court

 unduly prejudicial under Rule 403. We disagree.

¶ 16 Defendant acknowledges his failure to object to the challenged testimony

 relating to the break-in at the Townsend residence but specifically and distinctly

 argues plain error on appeal. See N.C. R. App. P. 10(a)(4). “For error to constitute

 plain error, a defendant must demonstrate that a fundamental error occurred at trial”

 which “had a probable impact on the jury’s finding that the defendant was guilty.”

 State v. Lawrence, 365 N.C. 506, 518, 723 S.E.2d 326, 334 (2012) (quotation marks

 and citations omitted). A fundamental error is one that “seriously affect[s] the

 fairness, integrity or public reputation of judicial proceedings” Id. (quotation marks

 and citations omitted).

 a. Rule 401

¶ 17 Relevant evidence is evidence “having any tendency to make the existence of

 any fact that is of consequence to the determination of the action more or less probable

 than it would be without the evidence.” N.C. Gen. Stat. § 8C-1, Rule 401 (2019).

 Relevant evidence “may be excluded if its probative value is substantially outweighed

 by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or

 by considerations of undue delay, waste of time, or needless presentation of

 cumulative evidence.” N.C. Gen. Stat. § 8C-1, Rule 403 (2019).

¶ 18 Evidence of the Townsend break-in was relevant under Rule 401 because it

 tended to show how Defendant gained possession of the murder weapon. When a
 STATE V. WASHINGTON

 2021-NCCOA-219

 Opinion of the Court

 defendant denies involvement in a crime, as Defendant did at trial, “evidence tending

 to connect [the] accused with the crime” is relevant circumstantial evidence. State v.

 Whiteside, 325 N.C. 389, 397, 393 S.E.2d 911, 915 (1989) (citation omitted). The jury

 determines the amount of weight to give this evidence. Id.

 b. Rule 404(b)

¶ 19 “Evidence of other crimes, wrongs, or acts is not admissible to prove the

 character of a person in order to show that he acted in conformity therewith[,]” but

 may be admissible to prove “motive, opportunity, intent, preparation, plan,

 knowledge, [or] identity[.]” N.C. Gen. Stat. § 8C-1, Rule 404(b) (2019). “Rule 404(b)

 is a clear general rule of inclusion[,]” and evidence of other crimes, wrongs, or acts “is

 admissible as long as it is relevant to any fact or issue other than the defendant’s

 propensity to commit the crime.” State v. Beckelheimer, 366 N.C. 127, 130, 726 S.E.2d

 156, 159 (2012) (quotation marks and citations omitted). Although the rule

 specifically lists purposes for which evidence of prior acts may be admitted, this list

 “is not exclusive, and such evidence is admissible as long as it is relevant to any fact

 or issue other than the defendant’s propensity to commit the crime.” State v. White,

 340 N.C. 264, 284, 457 S.E.2d 841, 852-53 (1995) (citation omitted).

¶ 20 Evidence of other crimes, wrongs, or acts committed by a defendant may be

 admissible under Rule 404(b) if it “establishes the chain of circumstances or context

 of the charged crime.” White, 340 N.C. at 284, 457 S.E.2d at 853. “Such evidence is
 STATE V. WASHINGTON

 2021-NCCOA-219

 Opinion of the Court

 admissible if the evidence . . . serves to enhance the natural development of the facts

 or is necessary to complete the story of the charged crime for the jury.” Id. (citation

 omitted). Prior acts are also admissible if “there are some unusual facts present in

 both crimes that would indicate that the same person committed them.”

 Beckelheimer, 366 N.C. at 131, 726 S.E.2d at 159 (quotation marks and citation

 omitted). These similarities need not “rise to the level of unique and bizarre.” Id.

 (quotation marks and citation omitted).

¶ 21 Here, admission of evidence of the Townsend residence break-in was necessary

 for “the natural development of the facts and to complete the story of this murder for

 the jury[,]” and there were substantial similarities between the two incidents. White,

 340 N.C. at 284, 457 S.E.2d at 853 (citation omitted). The Townsend residence was

 broken into through the side door when no vehicles were in the driveway and a

 revolver with a pearl handle was stolen. The next day, the Reed residence was broken

 into through the back door when no vehicles were in the driveway. The firearm stolen

 from the Townsend residence was used to murder Reed. Evidence of the Townsend

 break-in allowed the jury to understand how Defendant came to possess the murder

 weapon and how long it had been outside the possession of its original lawful owner.

 This evidence also explained why the legal gun owner was not considered a suspect

 and showed the thoroughness of law enforcement’s investigation. Accordingly, Rule

 404(b) did not require its exclusion because it was probative for reasons other than
 STATE V. WASHINGTON

 2021-NCCOA-219

 Opinion of the Court

 Defendant’s propensity to commit breaking and entering.

 c. Rule 403

¶ 22 We decline review of whether Rule 403 barred the admission of evidence from

 the Townsend break-in because “the balancing test of Rule 403 is review by this court

 for abuse of discretion, and we do not apply plain error ‘to issues which fall within

 the realm of the trial court’s discretion.’” State v. Cunningham, 188 N.C. App. 832,

 837, 656 S.E.2d 697, 700 (2008) (quoting State v. Steen, 352 N.C. 227, 256, 536 S.E.2d

 1, 18 (2000)).

¶ 23 Accordingly, the trial court did not err, much less commit plain error, by

 allowing the admission of evidence of the Townsend break-in.

 2. Randolph Evidence

¶ 24 Defendant next argues that the trial court erred by admitting Randolph’s

 testimony describing Defendant’s behavior on 25 November 2013 at Randolph’s

 residence, because Defendant’s actions at Randolph’s residence were not sufficiently

 similar to the break-in at the Reed residence to establish either a motive for breaking

 into Reed’s residence or his identity as Reed’s killer.

¶ 25 Defendant contends that he preserved this issue by objecting to the

 introduction of Randolph’s testimony at trial. A careful review of the record shows

 that, although Defendant objected to “questioning” regarding the events on 25

 November 2013, he did not object to the admission into evidence of the audio tape of
 STATE V. WASHINGTON

 2021-NCCOA-219

 Opinion of the Court

 the 911 call made by Randolph or the transcript of that 911 call. The audio tape of

 the 911 call and the transcript included the relevant facts included in Randolph’s

 testimony.

¶ 26 “It is well established that a criminal defendant loses the benefit of an objection

 when the same or similar evidence is later admitted without objection.” State v.

 Robinson, 346 N.C. 586, 603, 488 S.E.2d 174, 185 (1997) (citation omitted).

 Accordingly, as “Defendant did not object to this testimony at trial and has not argued

 in his brief that admission of this evidence amounts to plain error. . . . we will not

 review this contention.” State v. Williams, 363 N.C. 689, 703, 686 S.E.2d 493, 502

 (2009) (citing N.C. R. App. P. 10(c)(4)).

 3. Jury Instructions

¶ 27 Defendant finally argues that the trial court committed plain error by

 instructing the jury on the doctrine of recent possession. Specifically, Defendant

 argues that the trial court erred by instructing the jury on the doctrine of recent

 possession because “it was not relevant to the issue of whether [Defendant] broke into

 Oren Reed’s house and killed Reed[,]” and “likely caused the jury to convict

 [Defendant] of felony-murder based on its perception that he committed the break-in

 at the Townsend home.”

¶ 28 Defendant acknowledges his failure to object to the challenged jury instruction

 at trial but specifically and distinctly argues plain error on appeal. See N.C. R. App.
 STATE V. WASHINGTON

 2021-NCCOA-219

 Opinion of the Court

 P. 10(a)(4). We thus review this issue to determine whether “a fundamental error

 occurred at trial” that “had a probable impact on the jury’s finding that the defendant

 was guilty.” Lawrence, 365 N.C. at 518, 723 S.E.2d at 334 (citation omitted). “[W]hen

 the plain error rule is applied, it is the rare case in which an improper instruction

 will justify reversal of a criminal conviction when no objection has been made in the

 trial court.” State v. Odom, 307 N.C. 655, 660-61, 300 S.E.2d 375, 378 (1983)

 (quotation marks and citation omitted).

¶ 29 The doctrine of recent possession allows the jury to infer that the possessor of

 recently stolen property stole the property. State v. Joyner, 301 N.C. 18, 28, 269

 S.E.2d 125, 132 (1980); see State v. Pickard, 143 N.C. App. 485, 487, 547 S.E.2d 102,

 104 (2001). This inference is “to be considered by the jury merely as an evidentiary

 fact along with other evidence in the case, in determining whether the State has

 carried the burden of satisfying the jury beyond a reasonable doubt of the defendant’s

 guilt.” State v. Barnes, 345 N.C. 184, 241, 481 S.E.2d 44, 76 (1997) (quotation marks

 and citations omitted).

¶ 30 Presuming, arguendo, the trial court erred by instructing the jury that it could

 consider the doctrine of recent possession in deciding whether or not Defendant was

 guilty of first-degree murder, Defendant has failed to show that the challenged

 instruction had a probable impact on the jury’s finding Defendant guilty of first-

 degree murder.
 STATE V. WASHINGTON

 2021-NCCOA-219

 Opinion of the Court

¶ 31 The jury found Defendant guilty of first-degree murder on the basis of malice,

 premeditation, and deliberation and on the basis of felony murder. “Premeditation

 and deliberation is one theory by which one may be convicted of first-degree murder;

 felony murder is another such theory. Criminal defendants are not convicted or

 acquitted of theories; they are convicted or acquitted of crimes.” State v. Thomas, 325

 N.C. 583, 593, 386 S.E.2d 555, 560-61 (1989) (citations omitted).

¶ 32 Defendant does not challenge his first-degree murder conviction based on

 malice, premeditation, and deliberation. Accordingly, even if the trial court’s jury

 instruction on the doctrine of recent possession could have caused the jury to

 improperly convict Defendant of felony murder, the instruction did not have a

 probable impact on the jury’s finding Defendant guilty of first-degree murder because

 the jury found Defendant guilty of first-degree murder based on malice,

 premeditation, and deliberation. See State v. McLemore, 343 N.C. 240, 249, 470

 S.E.2d 2, 7 (1996) (“Although the defendant should not have been convicted of felony

 murder, the verdict cannot be disturbed if the evidence supports a conviction based

 on premeditation and deliberation.”); State v. Cooper, 219 N.C. App. 390, 394, 723

 S.E.2d 780, 783 (2012) (“[E]ven if the trial court’s jury instruction was in error and

 that error did change the jury’s verdict as to the finding of deliberation, the error

 would still be harmless beyond a reasonable doubt because the jury’s verdict was

 based on two separate, independent grounds.”); State v. Goode, 197 N.C. App. 543,
 STATE V. WASHINGTON

 2021-NCCOA-219

 Opinion of the Court

 553, 677 S.E.2d 507, 514 (2009) (discerning no plain error in defendant’s conviction

 for first-degree murder because even if the trial court erred by instructing the jury on

 felony murder, “the jury found Defendant guilty of first degree murder under both

 theories[.]”); State v. Mays, 158 N.C. App. 563, 577, 582 S.E.2d 360, 369 (2003) (“Since

 defendant was found guilty of first degree murder based on both the theories of

 premeditation and deliberation and felony murder, any error in submitting the felony

 murder instruction was harmless.”). Defendant’s argument is without merit.

 III. Conclusion

¶ 33 The trial court did not err by admitting evidence of the Townsend residence

 break-in. Defendant’s challenge to the admission of evidence of his behavior at the

 Randolph residence was not preserved for appellate review. The trial court did not

 plainly err by instructing the jury on the doctrine of recent possession.

 NO ERROR IN PART; NO PLAIN ERROR IN PART.

 Judges TYSON and CARPENTER concur.