STATE OF NORTH CAROLINA v. MATTHEW LEE BECKELHEIMER

No. 175PA11

(Filed 14 June 2012)

**1. Appeal and Error— prior acts testimony—standards of review**

Different inquires with different standards of review are used on appeal when analyzing rulings concerning prior acts evidence that apply N.C.G.S. § 8C-1, Rules 404(b) and 403. When the trial court has made findings and conclusions to support its Rule 404(b) ruling, appellate review looks to whether the evidence supports the findings and whether the findings support the conclusions. The legal conclusion that the evidence is, or is not, within the coverage of Rule 404(b) is reviewed *de novo*. The trial court's Rule 403 determination is then reviewed for abuse of discretion.

**2. Evidence— prior crimes or bad acts—modus operandi— temporal proximity**

The trial court did not abuse its discretion by admitting prior acts testimony in a prosecution for indecent liberties and first-degree sex offense. The alleged crimes and the 404(b) witness's testimony contained key similarities that were sufficient to support the State's theory of *modus operandi;* the incidents need not be nearly identical but need only share some unusual facts that go to a purpose other than propensity. Given the similarities in the incidents, the remoteness in time was not so significant as to render the prior acts irrelevant as evidence of *modus operandi*, and thus temporal proximity was a question of evidentiary weight to be determined by the jury.

**3. Evidence— prior crimes or bad acts—probative value not outweighed by prejudicial effect**

It was not an abuse of discretion in a prosecution for first-degree sexual offense and indecent liberties for the trial court to determine that the danger of unfair prejudice from the testimony of the victim's half-brother did not substantially outweigh the probative value, given the similarities between the accounts of the victim and half-brother and the trial judge's careful handling of the process.

On discretionary review pursuant to N.C.G.S. § 7A 31 of a unanimous decision of the Court of Appeals, —— N.C. App. ——, 712 S.E.2d

216 (2011), reversing judgments entered on 7 August 2009 by Judge D. Jack Hooks, Jr. in Superior Court, Chatham County, and granting defendant a new trial. Heard in the Supreme Court on 7 May 2012.

*Roy Cooper, Attorney General, by Anne M. Middleton, Assistant Attorney General, for the State-appellant.*

*Thomas R. Sallenger for defendant-appellee.*

HUDSON, Justice.

Here we address whether evidence of prior acts was properly admitted against defendant under Rule 404(b). We conclude that the trial court, after carefully evaluating the evidence, correctly ruled that the prior acts had sufficient similarity and temporal proximity to those alleged in the charged crimes. Therefore, we reverse the Court of Appeals.

Defendant, who was twenty-seven years old at the time of the alleged offenses, was indicted in June 2008 for three counts of indecent liberties with a child and in June 2009 for one count of first-degree sexual offense. The alleged victim was defendant's eleven-year-old male cousin. At trial he testified that defendant had invited him into defendant's bedroom to play video games. Defendant then climbed on top of the victim, but pretended to be asleep. He placed his hands in the victim's pants, then unzipped the victim's pants and performed oral sex on him while holding him down. The victim testified that on at least two prior occasions, defendant had placed his hands on the victim's genital area outside of his clothes while pretending to be asleep.

The State informed defendant that it expected to call the victim's half-brother to the stand to offer evidence of prior acts under Rule 404(b). Defendant filed a motion *in limine* seeking to exclude the testimony of the 404(b) witness. The trial judge conducted a voir dire hearing and listened to the proferred testimony outside the presence of the jury. The trial court then made findings of fact and conclusions of law on the similarity and temporal proximity of the proferred testimony to the evidence in this case. Specifically, the trial court found as fact that "one of the acts occurred in the bedroom in the bed," "that it was with a younger child," "that the age range of that younger child was close to the age range of the alleged victim in this case," and that the evidence was offered in part to show "that there existed in the mind of the defendant a plan, scheme, system or design." The trial court concluded that "as to the acts which allegedly occurred

within the bedroom, that there is appropriate similarity for the admission" of the evidence. On the issue of temporal proximity, the trial judge noted that the alleged incident occurred "ten to 12 years ago," but concluded that "given the similarities, particularly the location of the occurrence, how the occurrences were brought about, and the age range of each of the alleged victims at the time of the acts which occurred in the bedroom, that temporal proximity is reasonable."

The judge excluded testimony about one incident that did not take place in the bedroom because that event did not bear sufficient similarity to the alleged crime, but he allowed the rest of the testimony and gave a limiting instruction to the jury regarding the 404(b) evidence.

Toward the end of its case, the State called the 404(b) witness to the stand. The witness, then twenty-four years old, testified that when he was younger than thirteen years old, defendant had performed various sexual acts on him. He testified that defendant, who is four and one-half years older than he, and he would play video games together and spend time in defendant's bedroom. The witness described a series of incidents during which defendant first touched the witness's genital area outside of his clothes while pretending to be asleep, then proceeded to reach inside his pants to touch his genitals, then performed oral sex on him. The witness also related an incident in which he performed oral sex on defendant in an effort to stop defendant from anally penetrating him digitally.

Testimony from a DSS investigator and defendant established that defendant spent almost all his time either at home or at work. The only socializing defendant apparently did was to "hang out with people at work." Outside of work he "tinker[ed] with computers," "watch[ed] action adventure and fantasy movies and pretty much stay[ed] to [him]self."

Defendant's evidence consisted entirely of his own testimony. He denied improper activity with either of the boys, and expressed bewilderment as to why they would say such things.

The jury convicted defendant, who was sentenced to 192 to 240 months of imprisonment for the first-degree sexual offense, plus a consolidated concurrent term of 16 to 20 months for the indecent liberties convictions. Defendant appealed based on the admission of the 404(b) evidence and the denial of his motions to dismiss. The Court of Appeals determined in a unanimous opinion that the acts described in the half-brother's testimony were not sufficiently similar to the alleged crimes to be admitted under Rule 404(b). *State v.*

**STATE v. BECKELHEIMER**

[366 N.C. 127 (2012)]

*Beckelheimer*, —— N.C. App. ——, ——, 712 S.E.2d 216, 220 (2011). That court therefore reversed the convictions and ordered a new trial without addressing defendant's additional contentions regarding the denial of his motions to dismiss. *Id.* at ——, 712 S.E.2d at 221. The State appealed, and we now reverse.

**[1]** We first address the appropriate standard of review for a trial court's decision to admit evidence under Rule 404(b). The Court of Appeals has consistently applied an abuse of discretion standard in evaluating the admission of evidence under Rules 404(b) and 403. *See, e.g., State v. Summers*, 177 N.C. App. 691, 697, 629 S.E.2d 902, 907 (stating that "[w]e review a trial court's determination to admit evidence under N.C. R. Evid. 404(b) and 403, for an abuse of discretion" (citations omitted)), *appeal dismissed and disc. rev. denied*, 360 N.C. 653, 637 S.E.2d 192 (2006). Though this Court has not used the term de novo to describe its own review of 404(b) evidence, we have consistently engaged in a fact-based inquiry under Rule 404(b) while applying an abuse of discretion standard to the subsequent balancing of probative value and unfair prejudice under Rule 403. *See, e.g., State v. Riddick*, 316 N.C. 127, 133-36, 340 S.E.2d 422, 426-28 (1986). For the purpose of clarity, we now explicitly hold that when analyzing rulings applying Rules 404(b) and 403, we conduct distinct inquiries with different standards of review. When the trial court has made findings of fact and conclusions of law to support its 404(b) ruling, as it did here, we look to whether the evidence supports the findings and whether the findings support the conclusions. We review de novo the legal conclusion that the evidence is, or is not, within the coverage of Rule 404(b). We then review the trial court's Rule 403 determination for abuse of discretion.

**[2]** Having explained the appropriate process and standards of review, we now review the admission of the 404(b) testimony de novo. Rule 404(b) is "a clear general rule of *inclusion*." *State v. Coffey*, 326 N.C. 268, 278, 389 S.E.2d 48, 54 (1990). The rule lists numerous purposes for which evidence of prior acts may be admitted, including "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake, entrapment or accident." N.C.G.S. § 8C-1, Rule 404(b) (2011). This list "is not exclusive, and such evidence is admissible as long as it is relevant to any fact or issue other than the defendant's propensity to commit the crime." *State v. White*, 340 N.C. 264, 284, 457 S.E.2d 841, 852-53 (citation omitted), *cert. denied*, 516 U.S. 994, 116 S. Ct. 530 (1995). In addition, "this Court has been markedly liberal in admitting evidence of similar sex offenses by a defendant."

## STATE v. BECKELHEIMER

[366 N.C. 127 (2012)]

*State v. Bagley*, 321 N.C. 201, 207, 362 S.E.2d 244, 247 (1987) (citation omitted), *cert. denied*, 485 U.S. 1036, 108 S. Ct. 1598 (1988). Here the State articulated (among others) the purpose of showing modus operandi, a purpose we have recognized as permissible in other cases. *See, e.g., Bagley*, 321 N.C. at 207-08, 362 S.E.2d at 248.

Though it is a rule of inclusion, Rule 404(b) is still "constrained by the requirements of similarity and temporal proximity." *State v. Al-Bayyinah*, 356 N.C. 150, 154, 567 S.E.2d 120, 123 (2002) (citations omitted). Prior acts are sufficiently similar "if there are some unusual facts present in both crimes" that would indicate that the same person committed them. *State v. Stager*, 329 N.C. 278, 304, 406 S.E.2d 876, 890-91 (1991) (citations and internal quotation marks omitted). We do not require that the similarities "rise to the level of the unique and bizarre." *State v. Green*, 321 N.C. 594, 604, 365 S.E.2d 587, 593, *cert. denied*, 488 U.S. 900, 109 S. Ct. 247 (1988).

Here the alleged crimes and the 404(b) witness's testimony contained key similarities. The trial court found that "the age range of [the 404(b) witness] was close to the age range of the alleged victim," a finding supported by the evidence: the victim was an eleven-year-old male cousin of defendant, and the witness was also defendant's young male cousin who was around twelve years old at the time of the alleged prior acts. The trial court found similarities in "the location of the occurrence," a finding also supported by the evidence: defendant and the victim spent time playing video games in defendant's bedroom where the alleged abuse occurred, and defendant and the witness also spent time playing video games together and in defendant's bedroom where the alleged abuse occurred. Finally, the trial court found similarities in "how the occurrences were brought about," a finding supported by the evidence: the victim described two incidents during which the defendant placed his hands on the victim's genital area outside of his clothes while pretending to be asleep; he also described an incident during which defendant lay on him pretending to be asleep, then reached inside the victim's pants to touch his genitals, then performed oral sex on the victim. The witness testified to a similar progression of sexual acts, beginning with fondling outside the clothing and proceeding to fondling inside the pants and then to oral sex; he also described how defendant would pretend to be asleep while touching him. We conclude that these similarities are sufficient to support the State's theory of modus operandi in this case.

Instead of reviewing these similarities noted by the trial court, the Court of Appeals focused on the differences between the inci-

dents and determined they were significant. *Beckelheimer*, —— N.C. App. at ——, 712 S.E.2d at 219-20. The Court of Appeals found that the 404(b) witness's account resembled "apparently consensual" "[s]exual exploration" by young people rather than a forcible sexual offense, *id.* at ——, 712 S.E.2d at 220, a finding that was not made by the trial court and that we conclude is not supported by the record. The 404(b) witness did not testify that the acts were consensual and explained his single act of oral sex on the defendant as an attempt to stop defendant's efforts to penetrate him anally. Moreover, even if the record had shown voluntary actions by the witness, as a matter of law a child under age thirteen cannot consent to a sex act with a person more than four years older than he. *See* N.C.G.S. § 14-27.4(a)(1) (2011).

The Court of Appeals also focused on the age difference between the defendant and the victim in each case—four and a half years versus sixteen years. *Beckelheimer*, —— N.C. App. at ——, 712 S.E.2d at 220. We conclude, as did the trial court, that the similar ages of the victims is more pertinent in this case than the age difference between victim and perpetrator. The Court of Appeals' analysis seems to require circumstances to be all but identical for evidence to be admissible under Rule 404(b). Our case law is clear that near identical circumstances are not required, *Stager*, 329 N.C. at 304, 406 S.E.2d at 891; rather, the incidents need only share "some unusual facts" that go to a purpose other than propensity for the evidence to be admissible, *id.* at 304, 406 S.E.2d at 890. The prior acts here were sufficiently similar to the charged acts to be admissible under Rule 404(b).

On the issue of temporal proximity, defendant contends that the earlier incident, which he denies ever occurred, is too remote in time to be relevant to these charges. He cites to cases such as *State v. Jones*, in which this Court held that a seven year gap between prior acts and the charged acts rendered 404(b) evidence inadmissible. 322 N.C. 585, 587, 590-91, 369 S.E.2d 822, 823, 824-25 (1988). There are cases, however, with a similarly long lapse of years between incidents in which this Court has allowed the evidence. *E.g., State v. Carter,* 338 N.C. 569, 588-89, 451 S.E.2d 157, 167-68 (1994) (affirming admissibility of 404(b) evidence of prior assault despite eight-year lapse between assaults), *cert. denied,* 515 U.S. 1107, 115 S. Ct. 2256 (1995). These varied results simply affirm the point that "[r]emoteness for purposes of 404(b) must be considered in light of the specific facts of each case." *State v. Hipps,* 348 N.C. 377, 405, 501 S.E.2d 625, 642 (1998), *cert. denied,* 525 U.S. 1180, 119 S. Ct. 1119 (1999). The purpose underlying the evidence also affects the analysis. "Remoteness

in time is less important when the other crime is admitted because its *modus operandi* is so strikingly similar to the *modus operandi* of the crime being tried as to permit a reasonable inference that the same person committed both crimes." *Riddick*, 316 N.C. at 134, 340 S.E.2d at 427. In such cases, remoteness in time goes to the weight of the evidence rather than its admissibility. *See Hipps*, 348 N.C. at 405, 501 S.E.2d at 642 (citing *Carter*, 338 N.C. at 589, 451 S.E.2d at 168).

From the evidence that defendant rarely left his mother's house except to go to work and that both victims were young male cousins of defendant who visited defendant at his mother's house, the jury here could infer that defendant acted as alleged when he had access to potential victims in the house. The trial court concluded that "given the similarities . . . temporal proximity is reasonable." We agree that, given the similarities in the incidents, the remoteness in time was not so significant as to render the prior acts irrelevant as evidence of modus operandi, and thus, temporal proximity of the acts was a question of evidentiary weight to be determined by the jury.

[3] Having determined that the 404(b) evidence was sufficiently similar and not too remote in time, we now review the trial court's Rule 403 determination for abuse of discretion. Here "a review of the record reveals that the trial court was aware of the potential danger of unfair prejudice to defendant and was careful to give a proper limiting instruction to the jury." *Hipps*, 348 N.C. at 406, 501 S.E.2d at 642. The trial judge first heard the testimony of the 404(b) witness outside the presence of the jury, then heard arguments from the attorneys and ruled on its admissibility, stating: "[T]he Court, having considered probative value versus prejudicial effect, finds that the probative value for the purposes offered exceeds . . . any prejudicial effect." The judge excluded testimony about one incident that did not share sufficient similarity to the charged actions, thus indicating his careful consideration of the evidence. Moreover, the judge gave the appropriate limiting instruction. Given the similarities between the accounts of the victim and the 404(b) witness and the trial judge's careful handling of the process, we conclude that it was not an abuse of discretion for the trial court to determine that the danger of unfair prejudice did not substantially outweigh the probative value of the evidence. The trial court properly admitted the 404(b) evidence here.

The Court of Appeals decision is reversed, and we remand this case to that court for consideration of the remaining issues on appeal.

REVERSED AND REMANDED.