An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-968
NORTH CAROLINA COURT OF APPEALS

Filed:  18 February 2014


STATE OF NORTH CAROLINA

    v.

JOHN NICHOLAS PONOS
    Defendant

New Hanover County
No. 11 CRS 60934


Appeal by defendant from judgment entered 18 April 2013 by Judge Arnold O. Jones in New Hanover County Superior Court. Heard in the Court of Appeals 22 January 2014.


> *Roy Cooper, Attorney General, by Donna D. Smith, Assistant Attorney General, for the State.*
>
> *Edward Eldred, Attorney at Law, PLLC, by Edward Eldred for defendant-appellant.*


DAVIS, Judge.


Defendant John Nicholas Ponos ("Defendant") appeals from a judgment entered by the trial court based on the jury's verdict finding Defendant guilty of obtaining property by false pretenses.  On appeal, Defendant asserts that the trial court committed prejudicial error by admitting evidence of a subsequent bad act under North Carolina Rule of Evidence 404(b)

that was not sufficiently similar to the crime for which he was charged. After careful review, we hold that Defendant received a fair trial free from error.

**Factual Background**

The State's evidence at trial tended to establish the following facts: In September 2009, Defendant, a sales manager at Toyota of Wilmington, met with Reginald Barnes ("Mr. Barnes"), the owner of Eastern Skateboard Supply, Inc. ("Eastern"), at Mr. Barnes's office. Defendant knew Mr. Barnes because Mr. Barnes had previously bought or leased several vehicles from Defendant. During this meeting, Defendant asked Mr. Barnes if he would loan Defendant $20,000 to pay a child support order. Defendant explained that he had property and stocks that he could sell but would not be able to sell them soon enough to pay the child support order. Mr. Barnes agreed to lend Defendant $20,000 from Eastern if Defendant would sign a promissory note and write Mr. Barnes a check for $20,000 as collateral. At the conclusion of the meeting, Mr. Barnes gave Defendant a check for $20,000. The day after the meeting, Defendant left a promissory note and another check for $20,000 as collateral at Mr. Barnes's office.

After several months went by and Defendant failed to pay Mr. Barnes back by the agreed upon date, Mr. Barnes told Defendant that he was going to deposit the check Defendant had given him as collateral. However, when he attempted to do so in early April 2010, he learned that Defendant had stopped payment on the check. Defendant never repaid Mr. Barnes any portion of the $20,000 loan.

At trial, the State was permitted to introduce evidence under Rule 404(b) of an incident that occurred in October 2010 in which Defendant went to Rhodes Jewelers to purchase a Rolex watch. Defendant knew Wayne Rhodes, the co-owner of Rhodes Jewelers, because Defendant's father and Mr. Rhodes's father used to own businesses on the same block. Because of this relationship, Mr. Rhodes agreed to sell a Rolex watch to Defendant for $9,000, which was 10% below the retail price, and Defendant gave Mr. Rhodes a check for that amount. Several days later, however, the $9,000 check was returned to Mr. Rhodes because Defendant had stopped payment on the check.

The jury returned a guilty verdict against Defendant during the 15 April 2013 Criminal Session of New Hanover County Superior Court. Defendant was sentenced to ten to twelve months imprisonment. Defendant gave notice of appeal in open court.

-4-

## Analysis

Defendant asserts that the trial court committed prejudicial error by admitting the evidence that Defendant stopped payment on the $9,000 check to Rhodes Jewelers based on his contention that the charged crime and the Rhodes Jewelers incident were not sufficiently similar. We disagree.

When reviewing a trial court's decision to admit evidence of a defendant's prior or subsequent bad acts, we conduct three distinct inquiries. *See State v. Beckelheimer*, 366 N.C. 127, 130, 726 S.E.2d 156, 159 (2012). First, we consider whether the evidence supports the trial court's findings of fact and whether the findings of fact support the conclusions of law. *Id.* Second, "[w]e review de novo the legal conclusion that the evidence is, or is not, within the coverage of Rule 404(b)." *Id.* Finally, we review the trial court's determination of whether the evidence should have been excluded under Rule 403 for abuse of discretion. *Id.*

Defendant challenges the trial court's findings that (1) in both instances, he received items of value based on his inaccurate representations; and (2) Defendant employed the same *modus operandi* in both cases. We believe that the evidence supports these findings.

Mr. Rhodes testified that Defendant paid for the Rolex with a personal check and that he would not have sold Defendant the Rolex if he knew that Defendant was going to stop payment on the check. Similarly, Mr. Barnes testified that as part of their agreement Defendant signed a promissory note and gave him a check for $20,000 as collateral. Mr. Barnes also stated that he would not have loaned Defendant the money if he thought that the check Defendant gave him would not be honored.

While Defendant argues that the representations made by him in the two incidents were not identical, in both incidents Defendant represented — either explicitly or implicitly — that the checks he presented would be honored and in both cases the representations turned out to be false based on his own conduct in stopping payment on the checks. Likewise, we believe that the two incidents demonstrate a common scheme of obtaining money or goods through the issuance of a check and then stopping payment on the check shortly before the check was about to be cashed or deposited.

Next, we review *de novo* the determination of whether the evidence that Defendant stopped payment on the check to the jewelry store qualifies as Rule 404(b) evidence. "Rule 404(b) is 'a clear general rule of *inclusion*.'" *Beckelheimer*, 366 N.C.

at 130, 726 S.E.2d at 159 (quoting *State v. Coffey*, 326 N.C. 268, 278, 389 S.E.2d 48, 54 (1990)). Rule 404(b) provides a non-exclusive list of "numerous purposes for which evidence of prior acts may be admitted, including 'motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake, entrapment or accident.'" *Id.* (quoting N.C. R. Evid. 404(b)).

Because the list in Rule 404(b) is nonexclusive, evidence may be admitted as long as it is "relevant to any fact or issue other than the defendant's propensity to commit the crime." *Id.* However, Rule 404(b) evidence must be sufficiently similar and close in time to the charged crime to be admissible. *Id.* at 131, 726 S.E.2d at 159. An act is sufficiently similar if there are unusual facts, which do not have to be unique and bizarre, present in both the act and the charged crime that would indicate that the same person committed both acts. *Id.*

Defendant does not argue that the temporal proximity requirement of Rule 404(b) was unmet. However, he claims that the two incidents were not sufficiently similar, arguing that one could not reasonably infer from the circumstances that the same person committed both acts. We reject Defendant's argument.

In both transactions, Defendant targeted individuals with whom he had a prior relationship, relied on that relationship to obtain something of value, and deceived both individuals by not following through on his part of the bargain by stopping payment on the checks that he had written to them. Therefore, the two incidents involved sufficiently similar facts to support a reasonable inference that the same person committed both acts.

Because we conclude that the Rule 404(b) evidence was sufficiently similar to the charged crime, our final task is to review the trial court's decision to admit the evidence under Rule 403 for abuse of discretion. *See Beckelheimer*, 366 N.C. at 130, 726 S.E.2d at 159. Rule 403 provides that relevant "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice." N.C. R. Evid. 403.

Our review of the record reveals that the trial court heard testimony from the Rule 404(b) witnesses and arguments from counsel outside of the presence of the jury. Judge Jones weighed the probative value and the prejudicial effect of the Rule 404(b) evidence before ultimately deciding to admit the evidence. Furthermore, the trial court took steps to limit any prejudicial effect of the evidence both by giving a limiting

instruction at the time the Rule 404(b) evidence was admitted and by stating the following in its charge to the jury at the end of the trial:

> [E]vidence has been received tending to show that at an earlier time an act was committed by the defendant against a different alleged victim. This evidence was received solely for the purpose of showing that the defendant had the intent which is a necessary element of the crime charged in this case and that there existed in the mind of the defendant a plan, scheme, system or design involving the crime charged in this case. If you believe this evidence, you may consider it, but only for the limited purpose for which it was received. And you will recall I gave you a limiting instruction at the time you heard that evidence. You may not consider it for any other purpose.

Therefore, we conclude that the trial court did not abuse its discretion in admitting the Rule 404(b) evidence.

## Conclusion

For the reasons stated above, we conclude that Defendant received a fair trial free from error.

NO ERROR.

Judges STEELMAN and STEPHENS concur.

Report per Rule 30(e).