DIETZ, Judge.
Defendant Antonio Nathan Everett appeals his conviction for taking indecent liberties with a child and the imposition of lifetime satellite-based monitoring. As explained below, the trial court properly admitted under Rule 404(b) evidence of a prior sexual assault on another juvenile under similar circumstances. We therefore find no error in the trial court's criminal judgment.
The State concedes error with respect to the imposition of satellite-based monitoring, which the trial court summarily imposed without any evidence from the State, and we therefore vacate that portion of the judgment.
Facts and Procedural History
On 31 August 2016, Defendant Antonio Nathan Everett was visiting the victim's aunt at her house. During the night, Everett called over the seven-year-old victim and made her touch his genitals over his clothing, offering her a dollar if she did not tell anyone about the incident. Sometime afterwards, the victim told one of Everett's cousins who was also present in the house. Later that evening, a group of adults took the victim to the police.
The State indicted Everett for taking indecent liberties with a child. At trial, the court admitted testimony that, more than ten years earlier, Everett ejaculated into the mouth of a four-year-old girl in the middle of the night, while staying overnight at the victim's house. In that incident, Everett knew the victim because he was close with her family and attempted to bribe the victim into keeping silent by offering her candy.
Everett's counsel moved to exclude this evidence through a motion in limine , which the trial court denied, but did not renew his objection when the testimony was offered to the jury.
The jury convicted Everett and the trial court sentenced him to 19 to 32 months in prison. The trial court also summarily imposed lifetime satellite-based monitoring, without hearing any evidence. Everett timely objected to the imposition of satellite-based monitoring, citing several recent decisions from this Court governing the evidence that must be presented at these hearings. Everett then timely appealed.
Analysis
I. Admission of Evidence of Prior Sexual Assault
Everett first challenges the admission of the testimony concerning his earlier sexual assault on a minor victim. Everett concedes that, although he moved in limine to exclude this evidence, and his counsel "indicated an intention to object when the child testified before the jury, [his counsel] did not make such an objection." Under settled precedent, a motion in limine "is insufficient to preserve for appeal the question of the admissibility of evidence if the defendant fails to further object to that evidence at the time it is offered at trial." State v. Conaway , 339 N.C. 487, 521, 453 S.E.2d 824, 845 (1995). Thus, as Everett acknowledges, we must review his argument for plain error.
"For error to constitute plain error, a defendant must demonstrate that a fundamental error occurred at trial." State v. Lawrence , 365 N.C. 506, 518, 723 S.E.2d 326, 334 (2012). "To show that an error was fundamental, a defendant must establish prejudice-that, after examination of the entire record, the error had a probable impact on the jury's finding that the defendant was guilty." Id. In other words, the defendant must "show that, absent the error, the jury probably would have returned a different verdict." Id. at 519, 723 S.E.2d at 335. Plain error should be "applied cautiously and only in the exceptional case" where the error "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." Id. at 518, 723 S.E.2d at 334.
The basis for admission of this evidence is Rule 404(b), which permits the admission of evidence of "other crimes, wrongs, or acts" for purposes other than to show the defendant "acted in conformity therewith." N.C. Gen. Stat. § 8C-1, Rule 404(b). Evidence may be admitted under this rule for any other reason, including "as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake, entrapment or accident." Id. Rule 404(b) is a "general rule of inclusion of relevant evidence of other crimes, wrongs or acts by a defendant, subject to but one exception requiring its exclusion if its only probative value is to show that the defendant has the propensity or disposition to commit an offense of the nature of the crime charged." State v. Gray , 210 N.C. App. 493, 496, 709 S.E.2d 477, 481 (2011).
When applying Rule 404(b), our Supreme Court "has been markedly liberal in admitting evidence of similar sex offenses by a defendant." State v. Cotton , 318 N.C. 663, 666, 351 S.E.2d 277, 279 (1987). Evidence of earlier sexual acts typically is admissible "if there are some unusual facts present in both crimes that would indicate that the same person committed them." State v. Beckelheimer , 366 N.C. 127, 132, 726 S.E.2d 156, 159 (2012). Admission of prior acts evidence is "constrained by the requirements of similarity and temporal proximity" but, on review, this Court is tasked with reviewing the similarities between the incidents, not the differences, to determine the evidence's admissibility. Id. at 131-32, 726 S.E.2d at 159-60.
Everett first argues that the prior sexual assault is too dissimilar to be admissible under Rule 404(b). We reject this argument. This Court has held that "near identical circumstances are not required; rather, the incidents need only share some unusual facts that go to a purpose other than propensity for the evidence to be admissible." State v. Spinks , --- N.C. App. ----, ----, 808 S.E.2d 350, 355 (2017).
Here, there are particular, unusual similarities between the two incidents. Everett targeted victims who were minors living in homes which Everett frequented because of his relationship with the victims' families. Likewise, in both incidents, Everett offered the victims a gift or bribe to secure their silence. To be sure, as Everett correctly notes, the particular sexual acts in the incidents differed, but "near identical circumstances are not required" and we hold that the unusual facts here are sufficiently similar to permit admission under Rule 404(b). Id.
Everett also argues that the past incident was too remote in time to be admissible. But in light of the similarities between the incidents described above, the time gap between the incidents is insufficient to render the evidence inadmissible and is better viewed as a factor in the weight of this evidence. Beckelheimer , 366 N.C. at 132-33, 726 S.E.2d at 160. Accordingly, the trial court did not err in admitting the challenged evidence.
II. Lifetime Satellite-Based Monitoring
Everett next challenges the trial court's imposition of lifetime satellite-based monitoring, which the trial court summarily imposed without any evidence from the State.
In its brief, the State explains that it "must concede this issue since it failed to present the kind of evidentiary hearing that this Court would require," citing our recent decisions in State v. Griffin , --- N.C. App. ----, 818 S.E.2d 336 (2018), and State v. Grady , --- N.C. App. ----, 817 S.E.2d 18 (2018). We agree that we are bound by these decisions and that they compel us to vacate the imposition of lifetime satellite-based monitoring in this case. The State also asserts that it is challenging Griffin and Grady in the Supreme Court and wishes to preserve its arguments concerning the trial court's imposition of satellite-based monitoring in this case for review in the Supreme Court as well. We acknowledge that these arguments are preserved for further review in the Supreme Court.
Conclusion
We find no error in the criminal judgment but vacate the separate imposition of lifetime satellite-based monitoring.
NO ERROR IN PART; VACATED IN PART.
Report per Rule 30(e).
Judges STROUD and MURPHY concur.