An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA24-1084

Filed 2 July 2025

Rutherford County, No. 23CRS000546-800

STATE OF NORTH CAROLINA

v.

CRAIG WILSON

Appeal by defendant from judgment entered 13 March 2024 by Judge Reggie E. McKnight in Rutherford County Superior Court. Heard in the Court of Appeals 11 June 2025.

>*Attorney General Jeff Jackson, by Assistant Attorney General Rachel G. Posey, for the State.*
>
>*Mary McCullers Reece for defendant-appellant.*

ZACHARY, Judge.

Defendant Craig Wilson appeals from the trial court's judgment entered upon a jury's verdict finding him guilty of taking indecent liberties with a child. On appeal, Defendant challenges the trial court's admission of testimony regarding a prior bad act, asserting that the evidence was unfairly prejudicial. After careful review, we conclude that Defendant received a fair trial, free from error.

## I.    Background

Defendant's case came on for jury trial on 11 March 2024 in Rutherford County Superior Court. Before jury selection, the trial court conducted a hearing upon Defendant's motion to exclude evidence of Defendant's alleged prior bad act. Defendant's daughter, Ms. Campbell, testified that Defendant had sexually abused her daughter—Defendant's seven-year-old granddaughter—in August 2021 by touching her vagina. When Ms. Campbell confronted Defendant, he initially denied sexually abusing his granddaughter, but then attempted to excuse his conduct, stating: "[I]t's because I'm sick." Later in the encounter, Defendant declared that he was going to shoot himself.

At the conclusion of the hearing, the trial court excluded a portion of Ms. Campbell's testimony but ruled that the remainder of her testimony was admissible to show identity, motive, knowledge, common plan or scheme, opportunity, or absence of mistake, and was not unfairly prejudicial. Defense counsel's objection to the trial court's ruling was overruled.

At trial, the State presented evidence tending to show the following: In May 2023, Defendant sexually abused "Mark,"[1] his neighbors' son, by fondling his penis. Mark was ten years old and thought of Defendant as "someone [he] could trust." Defendant and Mark had "a familial relationship" and called each other

---

[1] To protect the minor child's identity, we adopt the pseudonym utilized by the parties. *See* N.C.R. App. P. 42(b).

"grandfather" and "grandson."

The morning after the alleged incident, Mark spoke to Defendant about what had transpired. When Mark telephoned his mother from Defendant's home and reported the abuse to her, Defendant threatened "to shoot himself." At his mother's instruction, he ran home.

Ms. Campbell testified for the State regarding Defendant's 2021 sexual abuse of his seven-year-old granddaughter, consistent with her testimony during the pretrial hearing.

On 13 March 2024, the jury returned its verdict finding Defendant guilty of taking indecent liberties with a child. The trial court entered judgment, sentencing Defendant to a term of 15 to 27 months' imprisonment in the custody of the North Carolina Department of Adult Correction. The court also entered a permanent no contact order and an order requiring Defendant to register as a sex offender for 30 years.

Defendant timely filed notice of appeal from the judgment.

**II.    Discussion**

Defendant raises one issue on appeal: whether the "trial court erred by admitting evidence that two years before the [charge of taking indecent liberties with a child regarding Mark] arose, [Ms. Campbell] confronted him with her suspicions that he had inappropriately touched her daughter . . . ." Defendant contends that "[t]he primary effect of the evidence was to suggest that [he] acted in conformity with

his propensity to commit such a crime, and the prior incident—an untried accusation of inappropriate contact with his own granddaughter—was profoundly prejudicial." We disagree.

**A. Standard of Review**

Rules of Evidence 404(b) and 403 have different standards of review that require "distinct inquiries." *State v. Beckelheimer*, 366 N.C. 127, 130, 726 S.E.2d 156, 159 (2012). In considering a Rule 404(b) ruling, "we look to whether the evidence supports the findings and whether the findings support the conclusions. We review de novo the legal conclusion that the evidence is, or is not, within the coverage of Rule 404(b)." *Id.* In contrast, this Court reviews a defendant's challenge under Rule 403 for an abuse of discretion. *Id.* Under that standard, "the trial court's ruling should not be overturned on appeal unless the ruling was manifestly unsupported by reason or was so arbitrary that it could not have been the result of a reasoned decision." *State v. Thaggard*, 168 N.C. App. 263, 269, 608 S.E.2d 774, 779 (2005) (cleaned up).

**B. Analysis**

"Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith." N.C. Gen. Stat. § 8C-1, Rule 404(b) (2023). However, our courts

> have characterized Rule 404(b) as a general rule of inclusion of relevant evidence of other crimes, wrongs or acts by a defendant, subject to but one exception requiring its exclusion if its only probative value is to show that the defendant has the propensity or disposition to commit an

offense of the nature of the crime charged.

*State v. Gray*, 210 N.C. App. 493, 496, 709 S.E.2d 477, 481 (2011) (cleaned up), *disc. review denied*, 365 N.C. 555, 723 S.E.2d 540 (2012). Thus, specific instances of other crimes, wrongs, or acts may be relevant and admissible to show "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake, entrapment or accident." N.C. Gen. Stat. § 8C-1, Rule 404(b).

This general "rule of inclusion . . . is constrained by the requirements of similarity and temporal proximity." *Gray*, 210 N.C. App. at 498, 709 S.E.2d at 482 (citation omitted). "[A]s to the similarity component, evidence of a prior bad act must constitute substantial evidence tending to support a reasonable finding by the jury that the defendant committed a *similar* act." *Id.* at 499, 709 S.E.2d at 482 (cleaned up). However, the facts need not "rise to the level of the unique and bizarre." *State v. Pabon*, 380 N.C. 241, 259, 867 S.E.2d 632, 644 (2022) (citation omitted).

With regard to temporal proximity, our Supreme Court "has permitted testimony as to prior acts of sexual misconduct which occurred more than seven years earlier" than the charged offenses. *State v. Frazier*, 344 N.C. 611, 615, 476 S.E.2d 297, 300 (1996); *see also State v. Penland*, 343 N.C. 634, 653–54, 472 S.E.2d 734, 744–45 (1996) (allowing evidence of prior misconduct that occurred ten years earlier as tending to prove a common plan or scheme), *cert. denied*, 519 U.S. 1098, 136 L. Ed. 2d 725 (1997).

After deeming evidence admissible under Rule 404(b), "the trial court must balance the danger of undue prejudice against the probative value of the evidence, pursuant to Rule 403." *State v. Carpenter*, 361 N.C. 382, 389, 646 S.E.2d 105, 110 (2007). Rule 403 provides that "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." N.C. Gen. Stat. § 8C-1, Rule 403.

Importantly, our appellate courts have "been liberal in allowing evidence of similar offenses in trials on sexual crime charges." *Frazier*, 344 N.C. at 615, 476 S.E.2d at 300. "The test for determining whether such evidence is admissible is whether the incidents establishing the common plan or scheme [under Rule 404(b)] are sufficiently similar and not so remote in time as to be more probative than prejudicial under the balancing test of . . . Rule 403." *Id.* at 615, 476 S.E.2d at 299.

On appeal, Defendant contends that because his identity was not at issue, the behavior about which his daughter, Ms. Campbell, testified "did not fill any gap in the State's case . . . and was, therefore, unnecessary and needlessly cumulative to the other evidence," creating a danger of undue prejudice. We disagree.

In this case, although Defendant's identity was not in dispute, the evidence was admitted for several other relevant purposes. Indeed, Defendant has made no

argument that the evidence was inadmissible save his contention that *as regards his identity* the evidence was "unnecessary and needlessly cumulative."

Here, Ms. Campbell's testimony tended to show a common plan or scheme to sexually abuse children of similar age and circumstance. At the time of the abuse, both victims were in elementary school and approximately the same age; Defendant was close to both children's families; Defendant held and abused a position of trust with regard to both children; and in both cases, Defendant's abuse focused on the children's genitals. Moreover, each time Defendant was confronted with his acts, he threatened to shoot himself. Finally, the abuse of the children occurred within a two-year time span, rendering the acts sufficiently temporally proximate as required by Rule 404(b).

Neither did the trial court abuse its discretion by failing to exclude the evidence concerning Defendant's sexual abuse of his granddaughter under Rule 403. "Rule 403 calls for a balancing of the proffered evidence's probative value against its prejudicial effect." *State v. Lail*, 294 N.C. App. 206, 211, 903 S.E.2d 204, 208 (2024) (citation omitted). "Probative evidence necessarily has a prejudicial effect: the question, then, is one of degree." *Id.* at 211–12, 903 S.E.2d at 208 (cleaned up). "Unfair prejudice, as used in Rule 403, means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, as an emotional one." *Id.* at 211, 903 S.E.2d at 208 (cleaned up). "To be excluded under Rule 403, the probative value of the evidence must not only be outweighed by the danger of unfair prejudice, it must be

*substantially* outweighed." *State v. Buchanan*, 288 N.C. App. 44, 48, 884 S.E.2d 500, 503 (2023) (cleaned up).

In the instant case, the trial court carefully balanced the probative value of Ms. Campbell's testimony against its prejudicial effect. The court conducted a voir dire hearing regarding the anticipated testimony. After excluding a portion of the testimony, the court concluded that the probative value of the remaining testimony was not significantly outweighed by unfair prejudice. In addition, the court delivered a limiting instruction to the jury concerning this evidence:

> Evidence has been received tending to show that . . . [D]efendant . . . allegedly made statements to his daughter, [Ms.] Campbell[,] considering the sexually inappropriate incident of his granddaughter while visiting his daughter . . . [in] Arizona. This evidence was received solely for the purpose of showing the identity of the person who committed the crime charged in this case, if it was committed, that . . . [D]efendant had a motive for the commission of the crime charged in this case, that . . . [D]efendant had knowledge which is a necessary element of the crime charged in this case, that there existed in the mind of . . . [D]efendant a plan, scheme, system, or design involving the crime charged in this case, that . . . [D]efendant had an opportunity to commit the crime, the absence of mistake. If you believe this evidence you may consider it but only for the limited purpose for which it was received. You may not consider it for any other purpose.

It is clear that "the trial court was aware of the potential danger of unfair prejudice to [D]efendant" that could result from his daughter's testimony and took proper steps to ensure that the jury considered the evidence solely for those limited purposes for which it was received. *Beckelheimer*, 366 N.C. at 133, 726 S.E.2d at 160

(citation omitted); *see also Buchanan*, 288 N.C. App. at 49, 884 S.E.2d at 504 (determining that the trial court did not abuse its discretion by admitting Rule 403 evidence when, during the jury charge, "the judge gave a proper limiting instruction that the evidence of those instances of conduct could be considered 'only for the limited purpose for which it ha[d] been received' and 'not . . . for any other purpose' ").

Accordingly, the trial court did not err by admitting Ms. Campbell's testimony regarding Defendant's prior sexual abuse of his granddaughter. Defendant's arguments are overruled.

NO ERROR.

Judges TYSON and COLLINS concur.

Report per Rule 30(e).