An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA25-508

Filed 18 March 2026

Cabarrus County, Nos. 22CR050845-120, 22CR050846-120, 22CR050847-120, 22CR050848-120

STATE OF NORTH CAROLINA

v.

ANDRE VIVIAN MANGAR, Defendant.

Appeal by defendant from judgments entered 7 November 2024 by Judge Michael D. Duncan in Cabarrus County Superior Court. Heard in the Court of Appeals 28 January 2026.

> *Attorney General Jeff Jackson, by Assistant Attorney General Anne Goco Kirby, for the State-appellee.*

> *Goodman, Carr, Laughrun, Levine & Greene, P.A., by W. Rob Heroy, for defendant-appellant.*

GORE, Judge.

Defendant appeals from convictions for felony flee to elude arrest, two counts of felony hit-and-run, and multiple counts of assault with a deadly weapon. This Court has jurisdiction pursuant to N.C.G.S. § 7A-27(b)(1) (2023). The State concedes, and we agree, that one hit-and-run conviction must be arrested under *State v.*

*Watlington*, 298 N.C. App. 584, *review denied,* 920 S.E.2d 859 (N.C. 2025), which holds that the unit of prosecution for felony hit-and-run is the number of times a defendant leaves a crash scene, not the number of victims injured. Defendant also challenges the trial court's refusal to instruct on lesser-included offenses and its admission of Rule 404(b) evidence. We conclude the trial court did not err on these issues. We therefore arrest judgment on defendant's second felony hit-and-run conviction and remand for resentencing.

**I.**

On 15 February 2022, State Trooper Mitchell Geracz observed defendant's Lincoln Navigator traveling over 100 miles per hour on Interstate 85. Trooper Geracz activated his lights and siren, clocking defendant's speed at 113 miles per hour. Defendant initially slowed, then accelerated back to 110 miles per hour.

The pursuit continued onto Highway NC 73, where defendant traveled 90–100 miles per hour in a 45-mile-per-hour zone, repeatedly crossing into oncoming traffic. Defendant ran a red light at 80 miles per hour, then crossed a double yellow line and concrete median, crashing head-on at full speed into a sedan. The impact caused the sedan to strike a Honda CRV. Defendant fled on foot. The crashes caused serious injuries to multiple victims.

Officers found defendant at his residence 3.9 miles from the crash site shortly after midnight. Inside the Navigator, officers recovered a rental agreement bearing defendant's name and his personal belongings. DNA from the driver's airbag

matched defendant's profile. Vehicle infotainment data showed the Navigator traveled from Raleigh-Durham Airport to the crash site at speeds averaging over 100 miles per hour.

The jury convicted defendant of one count of misdemeanor assault with a deadly weapon (22CR50845); one count of assault with a deadly weapon inflicting serious injury and one count of misdemeanor assault with a deadly weapon (22CR50846); two counts of felony hit-and-run (22CR50847); and felony flee to elude arrest (22CR50848). The trial court imposed consecutive active sentences totaling 74–129 months. Defendant timely appealed.

## II.

Defendant argues his two felony hit-and-run convictions violate double jeopardy principles. The State concedes this issue under *State v. Watlington*, which held that N.C.G.S. § 20-166 defines its unit of prosecution by the act of leaving a crash scene, not by the number of injured victims. 298 N.C. App. at 600.

Here, defendant's Navigator crashed head-on into the sedan, and that impact caused the sedan to strike the Honda CRV almost instantaneously. This constituted a single crash event. Defendant then fled on foot. Because defendant left the scene of only one crash, he may be convicted of only one count of felony hit-and-run. We arrest judgment on defendant's second conviction (22CR50847, Count 2).

## III.

### A.

Defendant argues the trial court erred by failing to instruct on misdemeanor hit-and-run because insufficient evidence showed he knew or reasonably should have known the crash resulted in serious injury. Defendant failed to preserve this issue; during the charge conference, defense counsel argued only that evidence supported finding no serious injuries occurred, not that defendant lacked knowledge of such injuries. We therefore review for plain error only.

"Where the evidence is sufficient to support the offense submitted to the jury, it is not plain error for the trial court to refuse to submit a lesser charge." *State v. Wright*, 210 N.C. App. 52, 68 (2011).

The evidence overwhelmingly established defendant knew or reasonably should have known the crash resulted in serious injury. Defendant fled police at over 100 miles per hour, crossed a concrete median, and crashed head-on at full speed into oncoming traffic. The collision deployed multiple airbags, sent the Navigator into a ditch, caused the sedan to strike a third vehicle, and scattered heavy debris across the roadway. No reasonable person experiencing such a violent collision could fail to know serious injuries likely resulted. The trial court did not commit plain error.

**B.**

Defendant argues the trial court erred by instructing the jury as a matter of law that the Navigator was a deadly weapon, pointing to infotainment data showing speeds as low as 5.7 miles per hour. This issue is also reviewed for plain error because defendant failed to challenge the sufficiency of evidence supporting a deadly weapon

instruction below.

"[A]n automobile can be a deadly weapon if it is driven in a reckless or dangerous manner." *State v. Jones*, 353 N.C. 159, 164 (2000). The evidence showed defendant traveled at 80–113 miles per hour, wove through traffic, crossed into oncoming lanes, ran a red light, and crashed head-on into an oncoming vehicle. The 5.7 mile-per-hour reading occurred at the same timestamp indicating a "dead stop" at 9:16 p.m., suggesting a post-impact reading. The trial court properly concluded as a matter of law that the Navigator was a deadly weapon.

## IV.

Defendant argues the trial court erred by admitting testimony that he was arrested for an outstanding warrant. We review for abuse of discretion. *State v. Beckelheimer*, 366 N.C. 127, 130 (2012). Rule 404(b) permits admission of other acts evidence for proper purposes including motive. N.C.G.S. § 8C-1, Rule 404(b) (2023).

The trial court admitted evidence of the warrant solely to establish a possible motive for defendant to flee. Trooper Geracz testified he arrested defendant pursuant to an outstanding warrant. The State did not introduce the warrant itself or present evidence of the underlying offense. The trial court gave limiting instructions both immediately after the testimony and in the final charge.

We conclude the trial court did not abuse its discretion in admitting this evidence. Even if the admission were error, any such error was harmless beyond a reasonable doubt given the overwhelming evidence of guilt: dashboard camera video,

rental agreement, DNA evidence linking defendant to the driver's airbag, infotainment data, and victim testimony.

## V.

We arrest judgment on defendant's conviction for felony hit-and-run in 22CR50847, Count 2, but discern no error as to the remaining convictions. Remanded for resentencing.

NO ERROR IN PART; VACATED AND REMANDED IN PART.

Judges HAMPSON and GRIFFIN concur.

Report per Rule 30(e).