An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA25-954

Filed 17 June 2026

Vance County, Nos. 23CR000264-900; 23CR000265-900; 23CR313964-900

STATE OF NORTH CAROLINA

v.

KELCEY ROSWELL THORPE, Defendant.

Appeal by defendant from judgements entered 13 August 2024 by Judge John M. Dunlow in Vance County Superior Court. Heard in the Court of Appeals 19 May 2026.

> *Attorney General Jeff Jackson, by Assistant Attorney General Kaeli E. Czosek, for the State.*
>
> *Gilda C. Rodriguez for defendant.*

DILLON, Chief Judge.

Defendant Kelcey R. Thorpe challenges the judgment entered consistent with the jury's verdict. For the forgoing reasoning, we conclude Defendant received a fair trial, free of reversible error.

## I.    Background

While on an early morning patrol, a police officer observed Defendant throw a

black object into a grassy area near the road. The officer stopped Defendant, searched the grassy area, and found a Garmin GPS unit. Another officer arrived on the scene, plugged in the GPS, and obtained an address that was not Defendant's. The officers went to the address and spoke with residents, including the victim, but no one claimed the GPS. Two days later, a detective drove to the same address and spoke with the victim, who checked her car and realized that her Garmin GPS was missing. As a result, Defendant was charged with misdemeanor larceny, breaking and entering a motor vehicle, and habitual larceny.

At trial, the State offered testimony from a lieutenant with the Henderson Police Department ("HPD"), who testified about two prior cases involving Defendant. In the first case, Defendant possessed two GPS units that he did not own. In the second case, officers responded to a call which again involved Defendant and a GPS device not belonging to him. Defendant's counsel objected to the admission of this evidence, but the trial court overruled the objection. The trial court instructed the jury twice about the use of the incidents, first immediately following the State's direct examination of the lieutenant and second during the jury instructions. At the close of all the evidence, Defendant moved to dismiss, which the trial court denied. The jury convicted Defendant of larceny and breaking or entering a motor vehicle, and Defendant pleaded guilty to the charge of habitual felon. Defendant appeals.

## II.    Analysis

Defendant raises several arguments on appeal, which we address in turn.

A. Motion to Dismiss

Defendant argues the trial court erred when it denied his motion to dismiss, contending the State presented insufficient evidence to support its theory of guilt based on the doctrine of recent possession.

This Court reviews de novo the trial court's denial of motion to dismiss. *State v. Tucker*, 380 N.C. 234, 236 (2022) (citations omitted). In conducting this review, we consider "the evidence in the light most favorable to the State, resolving all conflicts in the evidence in favor of the State and giving it the benefit of all reasonable inferences." *State v. Perry*, 389 N.C. 88, 92 (2026) (citation omitted). The trial court properly denies a motion to dismiss "[i]f there is more than a scintilla of evidence, whether direct or circumstantial, or a combination, to support a finding that the offense charged has been committed and that the defendant committed it[.]" *Id.* at 92 (citations and internal marks omitted).

At trial, the State offered the following evidence to support its theory of guilt:

Around five in the morning, an HPD officer, while on patrol, observed Defendant throw a black object into a grassy area near the road. The officer walked over to the area where Defendant threw the object and found a Garmin GPS unit. Another officer arrived on the scene, plugged in the GPS, and obtained an address. From there, both officers drove to the address and spoke with the nearby residents. Initially, the residents, including the victim who had just woken up, did not claim the GPS unit. Two days later, an HPD detective drove to the GPS home address and

spoke with the victim. The detective asked the victim if she had a GPS, and if she could check to see if the GPS was in the location where she normally keeps it. The victim looked in the center console, where she normally keeps her GPS, and realized that her GPS and its power cord were missing. The victim was also able to describe the GPS and identify the brand, without seeing the recovered GPS. Additionally, the suction cup mount was still present.

The doctrine of recent possession permits a jury to infer that the possessor of recently stolen property is the thief. *State v. Maines*, 301 N.C. 669, 673 (1981). The inference arises "when . . . the State shows beyond a reasonable doubt: (1) the property . . . was stolen; (2) the stolen goods were found in [the] defendant's [possession] though not necessarily found in [the] defendant's hands or on his person . . . ; and (3) the possession was recently after the larceny . . . ." *Id.* at 674 (citations omitted). Possession must be sufficiently recent "to show that the possessor could not have reasonably come by it, except by stealing it himself or by his concurrence." *State v. Hamlet*, 316 N.C. 41, 43 (1986) (citation omitted). Whether possession is "sufficiently recent" is determined by the specific facts of each case. *State v. Wilson*, 313 N.C. 516, 536 (1985). When the stolen object is not the kind ordinarily traded through lawful channels, the inference of guilt will survive a longer gap in time. *Hamlet*, 316 N.C. at 44 (citation omitted).

Here, Defendant only challenges the sufficiency of the evidence regarding the "recency" prong of the recent possession doctrine, but a GPS unit that still contains

another individual's information is not an item that is frequently traded. *See Wilson*, 313 N.C. at 536–37 (applying the recent possession doctrine where the stolen object was a personal watch); *but see Hamlet*, 316 N.C. at 45–46 (normally and frequently traded articles and a time period of "approximately thirty days" precluded application of the doctrine of recent possession). Viewing the evidence in the light most favorable to the State, a reasonable juror could conclude that the GPS was stolen within a few days before the victim met with the detective. *See Perry*, 389 N.C. at 92. Thus, the trial court properly denied Defendant's motion to dismiss.

## B. Irrelevant Evidence Admitted

Second, Defendant argues that the trial court erred by admitting certain evidence under Rule 404(b). Again, we disagree.

This Court reviews de novo the trial court's relevancy determinations. *State v. Triplett*, 368 N.C. 172, 175 (2015). Similarly, "[w]hen reviewing the trial court's [Rule 404(b)] decision, '[w]e review de novo the legal conclusion that the evidence is, or is not, within the coverage of Rule 404(b).' " *State v. Hague*, 2026 WL 1459471 *3 (N.C. 2026) (first alteration in original) (quoting *State v. Beckelheimer,* 366 N.C. 127, 130 (2012)). We review a "trial court's Rule 403 determination for abuse of discretion." *Beckelheimer,* 366 N.C. at 130. "An abuse of discretion results when the trial court's ruling is manifestly unsupported by reason or is so arbitrary that it could not have been the result of a reasoned decision." *Triplett*, 368 N.C. at 178 (citations and internal marks omitted).

Generally speaking, "[a]ll relevant evidence is admissible[.]"  N.C.G.S. § 8C-1, Rule 402.  Rule 403 permits a trial court to exclude relevant evidence when "its probative value is substantially outweighed by" certain dangers.  *Id.* § 8C-1, Rule 403.  Rule 404(b), on the other hand, allows a trial court to admit "[e]vidence of other crimes, wrongs, or acts" "as proof of motive, opportunity, intent, preparation, plan, knowledge, [or] identity . . . .  *Id.* § 8C-1, Rule 404(b); *see also Hague*, 2026 WL 1459471 at *4 ("As a rule of inclusion, character evidence is admissible under Rule 404(b) unless its *only* probative value is to show conformity with or propensity to commit similar actions." (emphasis added and citations omitted)).

At trial, the lieutenant testified regarding an incident he had with Defendant in 2012, during which Defendant was detained, and two GPS units were found in his possession.  Defendant told the lieutenant he was attempting to sell the GPS units; however, police later determined the GPS units did not belong to Defendant.  The State offered, and the trial court admitted this testimony to show a common scheme or plan, motive, and identity.

The lieutenant also testified about a second interaction with Defendant.  In 2014, the lieutenant responded to a report of a suspicious subject walking in a neighborhood who fled from officers into a nearby embankment. While searching for the suspect, the lieutenant found a dry GPS on the wet ground, next to a dry pack of batteries in the suspect's flight path.  Officers searched a nearby vehicle following a canine's alert and found Defendant hiding.  Again, officers determined that

Defendant was not the owner of that GPS unit nor the vehicle and discovered the GPS mount was still present. Like the 2012 incident, the State offered this evidence for the purposes of common scheme or plan, motive, and identity.

The trial court, however, sustained Defendant's objection to a 2019 incident that "did not involve [the] unique item of a GPS."

First, Defendant argues that the alleged prior bad acts were irrelevant under Rule 401. We disagree—under Rule 401's low bar, *see, e.g., State v. Hembree*, 368 N.C. 2, 17 (2015), the prior acts are relevant to show Defendant's identity, motive, and common scheme or plan to obtain and sell GPS units.

Next, Defendant argues that the trial court erred by admitting the evidence under Rule 404(b).

Evidence that is admissible under Rule 404(b) is "constrained by the requirements of similarity and temporal proximity." *Beckelheimer*, 366 N.C. at 131 (citation and internal marks omitted). "Prior acts are sufficiently similar if there are some unusual facts present in both crimes that would indicate that the same person committed them." *Id.* (citation and internal marks omitted). Similarities need not be unique or bizarre, nor must the circumstances be nearly identical. *Id.* at 131–32 (citations omitted). "[R]ather, the incidents need only share 'some unusual facts' that go to a purpose other than propensity[.]" *Id.* at 132 (citation omitted). "[T]he ultimate question is one of 'logical relevancy.' " *State v. Gillard*, 386 N.C. 797, 811 (2024) (citations omitted).

In *State v. Stager*, our Supreme Court concluded the shared, unusual facts surrounding the deaths of the defendant's two husbands were admissible under Rule 404(b) to show, relevant here, motive.  329 N.C. 278, 305–07 (1991).  In that case, both husbands died from a .25 caliber gunshot wound in the early morning hours, both were shot in the bed they shared with the defendant, and the defendant collected life insurance in both cases.  *Id.* at 305–06.  Our Supreme Court noted the evidence regarding the insurance payments "tend[ed] to establish a motive on [the defendant's] part."  *Id.* at 307.  Here, Defendant's 2012 statement that he intended to sell GPS units tends to establish a motive to take and sell GPS units that do not belong to him.

In *State v. Matthews*, while the defendant was on trial for a break-in at a gas station, we upheld the trial court's admission of another gas-station break-in involving the defendant under Rule 404(b) for the purposes of, relevant here, identity and plan.  218 N.C. App. 277, 284–86 (2012).  The trial court admitted the other break-in based on, among other similarities, similarities in the method of entry, property stolen, type of business stolen from, and geographic area.  *Id.* at 285.  Similarly, here, the 2014 incident and instant incident involves the same type of property (a GPS); manner (from vehicles but leaving mounting equipment); and area (a limited area of Henderson).

Regarding temporal proximity, the level of remoteness is "less significant when the prior conduct is used to show . . . motive," *State v. Hipps*, 348 N.C. 377, 405 (1998) (citation omitted), or identity, *State v. Carter*, 338 N.C. 469, 589 (1994) (remoteness

- 8 -

of prior crime offered to show identity goes to weight not admissibility). Here, the similar prior incidents here were offered to show Defendant's identity, motive, and plan to sell GPS units belonging to others and although these incidents occurred within nine and eleven years of the charged offenses, they fall within the temporal range our Supreme Court has previously approved for Rule 404(b) evidence. *See Hipps*, 348 N.C. at 405; *Beckelheimer*, 366 N.C. at 133; *see also Stager*, 329 N.C. at 307 ("[R]emoteness in time generally affects only the weight to be given such evidence, not its admissibility."). As the evidence shows identity, motive, and plan, and the requirements of similarity and temporal proximity are met, the trial court did not err when it admitted the Rule 404(b) evidence.

Finally, Defendant argues that even if the prior acts evidence was relevant and admissible under Rule 404(b), it should have been excluded under Rule 403. Based on the foregoing, however, the prior acts' probative value was not substantially outweighed by the danger of unfair prejudice. We also consider whether the trial court gave "limiting instructions during the course of the Rule 404(b) testimony [or] before its final charge to the jury[,]" *State v. Magnum*, 242 N.C. App. 202, 213 (2015), which the trial court did immediately after the testimony and in its jury instructions. Furthermore, the trial court conducted a *voir dire* hearing on the State's proffered Rule 404(b) evidence and excluded the 2019 incident. The trial court's careful weighing of evidence supports its exercise of discretion. *Stager*, 329 N.C. at 308–09.

Thus, the trial court did not err in admitting Defendant's prior acts.

C. Improper Opinion

Defendant finally argues that the trial court expressed an improper opinion in its limiting and jury instructions in violation of G.S. 15A-1222 and G.S. 15A-1232.

This Court uses a totality of the circumstances test when it reviews purported improper expressions of judicial opinion in violation of G.S. 15A-1222 and G.S. 15A-1232. *State v. Gell*, 351 N.C. 192, 207 (2000) (citation omitted). The defendant bears the burden of showing prejudice to receive a new trial. *State v. Barnard*, 346 N.C. 95, 105–06 (1997) (citation omitted). "The use of the words 'tending to show' or 'tends to show' in reviewing the evidence does not constitute an expression of the trial court's opinion on the evidence." *State v. Young*, 324 N.C. 489, 495 (1989) (citations omitted).

Following the lieutenant's testimony regarding the two prior incidents, the trial court issued a limiting instruction which stated that the evidence had been received "tending to show" Defendant removed a GPS unit from a vehicle, neither of which belonged to Defendant and that the evidence "tend[ed] to show" Defendant discarded the GPS unit while being sought by law enforcement officers. The trial court later gave a similar instruction when instructing the jury.

As our Supreme Court explained in *Young*, the use of the words "tending to show" is not an expression of the trial court's opinion on evidence. *See id.* Thus, the trial court's limiting and jury instructions did not insert an improper opinion, and we do not need to address whether Defendant was prejudiced.

### III.    Conclusion

Defendant received a fair trial, free from reversible error.

NO ERROR.

Judges GORE and STADING concur.

Report per Rule 30(e).